Argued and submitted July 27, portion of judgment ordering confiscation and
destruction of weapons vacated; remanded for resentencing; otherwise affirmed
December 26, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# JOSEPH AMIR WILSON,
*Appellant.*

## (DA 379236; CA A61424)

803 P2d 769

Glenn M. Solomon, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for recklessly endangering another, ORS 163.195, disorderly conduct, ORS 166.025, and discharging a firearm across a highway. ORS 166.630(1)(a). He contends that the court erred by denying his motion for a mistrial, by giving an instruction and by ordering confiscation and destruction of firearms. We affirm the convictions but remand the confiscation order.

The jury could find from the evidence that defendant, who was intoxicated, fired numerous shots from a handgun in the general direction of a target in his back yard. Several of the bullets went onto neighboring property. Defendant also fired the handgun in the street in front of his residence, and a bullet hole was found in a neighbor's house.

■ Defendant moved for a mistrial on the basis of a witness' testimony about a previous incident involving defendant shooting a gun. The court denied the motion and gave a curative instruction. We conclude that the court did not abuse its discretion in denying the motion.

■ Defendant also complains that the court instructed the jury regarding a Portland ordinance when the incident occurred outside the city limits. We conclude that, if giving the instruction was error, it was harmless. The evidence of guilt was overwhelming.

■ In his final assignment, defendant contends that the court had no authority to order confiscation and destruction of firearms owned by him that were not used in the incident. Defendant used only one handgun. After his arrest, the police seized approximately 30 firearms from his home, in addition to the handgun involved in this crime. He was placed on five years' probation; under the heading of conditions of probation on the judgment was written "C & D weapons." The court explained in its oral pronouncements that that meant that it was ordering destruction of all of the firearms that the officers had seized. The court did not explain the basis of the order.

Defendant argues that the court has authority under ORS 166.630(2) to confiscate only the firearm used in committing the offense and that the forfeiture of the other firearms would deprive him of property without due process of law. The state responds that a person may seek return of items

seized under ORS 133.623 through ORS 133.663 and defendant could have availed himself of that process. Consequently, it contends, a process for litigating the issues was available but was not used. The difficulty is that the court did not purport to confiscate and forfeit the firearms pursuant to ORS 133.663, even if authority to do so is provided in that statute.

■ The state agrees that the firearms that were not used in the criminal episode are not subject to destruction under ORS 166.630(2), but argues that the court could prohibit defendant from owning, possessing or controlling any firearm as a condition of probation. ORS 137.540(2)(L).[1] The written judgment is very abbreviated, but the location of the cryptic reference "C & D weapons" may indicate the court's intention to make confiscation and destruction a condition of probation. However, although ORS 137.540(2)(L) may allow a court to prohibit a defendant from possessing or owning firearms, it does not by its terms authorize the court to confiscate and destroy firearms that this defendant owns.

We share defendant's and the state's confusion as to what the court intended. On this record, the order to confiscate and destroy all of the firearms seized is unlawful. We remand for the court to reconsider that portion of the judgment.

Portion of judgment ordering confiscation and destruction of weapons vacated; remanded for resentencing; otherwise affirmed.

---

[1] The state also argues that the weapons may be considered a nuisance under ORS 166.280(2) and confiscated. However, that statute allows confiscation only of firearms unlawfully concealed, unlawfully carried or used in the commission of a felony or misdemeanor. There is nothing in the record to support confiscation of the firearms under ORS 166.280(2).