Argued and submitted June 20, 1991, convictions affirmed; suspension vacated; remanded for resentencing May 13, 1992

STATE OF OREGON,
*Respondent,*

*v.*

JERALD ALAN NEW,
*Appellant.*

(CR89-850, CR89-852; CA A65408)

830 P2d 614

Louis R. Miles, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., concurring in part; dissenting in part.

## EDMONDS, J.

Defendant appeals his convictions for illegal posses-sion of a game animal. ORS 498.002; ORS 496.992(1). He challenges the portion of the sentence that suspends his hunting privileges and orders him to pay restitution and forfeit his weapon. We affirm the convictions but remand for resentencing.

At a hunting camp, Officer Williams discovered three elk and two deer that had been killed illegally by members of a hunting party. Defendant was cited for and convicted of illegal possession of two of the animals. The state offered no evidence that defendant had killed any of them. The trial court ordered him to pay restitution to the state for the loss of the game animals, ordered him to forfeit his weapon and ordered suspension of his hunting privileges for four years.

■ Defendant first argues that the trial court had no authority to order restitution, because the state could not have recovered any pecuniary damages against him in a civil action and because there was no "victim" under ORS 137.103 and ORS 137.106. Defendant made no objection when resti-tution was imposed by the trial court. ORS 137.106(3) provides:

> "If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow the defendant to be heard on such issue."

By failing to exercise a statutory right to be heard, defendant waived his right to challenge the imposition of restitution. *State v. Carpenter*, 101 Or App 489, 791 P2d 145, *rev den* 310 Or 393 (1990). We decline to exercise our discretion to con-sider the assignment of error. ORAP 5.45(2).

■ ■ Defendant argues that the court erred in ordering forfeiture of his weapon. ORS 496.680(1) provides:

> "All wildlife taken by, or in the possession of any person in violation of the wildlife laws, and all guns, boats, traps, fishing apparatus and implements used in angling, hunting or trapping or taking any wildlife in violation of the wildlife laws may be seized by any person authorized to enforce the wildlife laws, and may be forfeited."

The statute provides for the forfeiture of guns only if they are *used* in taking any wildlife. *See State v. Wilson,* 105 Or App 20, 803 P2d 769 (1990). The state concedes that there is no evidence that defendant's weapon was used to kill any of the animals. Although defendant did not object to the order in the trial court, we exercise our discretion to consider the error, because the order exceeds the court's authority. *See State v. Wills,* 93 Or App 322, 761 P2d 1365 (1988), *rev den* 307 Or 611 (1989). The court erred in ordering the forfeiture.

Defendant next argues that the court erred in ordering suspension of his hunting privileges for four years. Each judgment of conviction says "suspension of hunting priviledges [sic] for 4 years * * * judgment herein concurrent with [judgment in other case]." Under ORS 497.435 and ORS 497.415,[1] the suspensions are limited to two years for each conviction. Defendant did not object to the order of suspension. However, because the length of the suspension in each judgment exceeds the court's authority, we exercise our discretion to review the assignment of error and vacate the orders of suspension.

Convictions affirmed; suspension of hunting license and forfeiture of weapon vacated; remanded for resentencing.

**WARREN, P. J.,** concurring in part; dissenting in part.

I agree with the majority's reasoning and decision, except as to its reversal of the forfeiture of defendant's gun. Defendant did not object to the forfeiture. Under the facts, I would not exercise our discretion to review the unpreserved error. The majority is wrong that the court had no authority to order a forfeiture. The authority exists under ORS

---

[1] ORS 497.435(2) provides:

"No person who has been convicted of conduct described in subsection (1) of this section shall apply for, obtain or possess any hunting license, tag or permit issued pursuant to the wildlife laws within 24 months after the conviction."

ORS 497.415(5) provides, in part:

"No person who has had a license, tag or permit revoked pursuant to this section for the first time shall apply for or obtain another such license, tag or permit for the period of 24 months from the date the court ordered the revocation."

We express no opinion as to whether ORS 497.435(2) or ORS 497.415 authorize consecutive suspensions for separate convictions.

496.680(1), even though it should not have been exercised because the state did not prove that defendant's gun was used to kill the game animal. Evidentiary deficiency does not make the judgment void. The majority does not explain, as required by *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), why we should review the unpreserved error. Defendant was in possession of illegally taken wildlife, and he had a gun, which he may have used. I do not see why the interests of justice require us to rush to the aid of defendant, who at least aided in poaching and did not object in the trial court to the sanction imposed for his crime.