788 April 16, 2025 No. 347

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WALTER L. KIGHT,
*Defendant-Appellant.*

Gilliam County Circuit Court
20CR48425; A178673

Janet L. Stauffer, Judge.

Argued and submitted April 15, 2024.

Ryan T. O'Connor argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for hunting on the cultivated or enclosed land of another, ORS 498.120.[1] Defendant raises two assignments of error. For the following reasons, we affirm.

*Jury instruction.* In his first assignment of error, defendant argues that the trial court plainly erred when it instructed the jury that, in order to convict defendant under ORS 498.120, the state was required to prove that "[defendant] recklessly hunted on the enclosed land." That is so, defendant argues, because "the legislature intended ORS 498.120 to have an intentional culpable mental state." The state responds that "the jury instruction is not reviewable because defendant invited the court to instruct the jury as it did." We agree with the state's argument.

We decline to review for plain error because defendant invited the error. *See State v. Berndt*, 282 Or App 73, 80, 386 P3d 196 (2016), *rev den*, 361 Or 311 (2017) (declining to review for plain error because "[n]ot only did [the] defendant not object to the court's instruction, [but the] defendant actually requested the precise language that he now challenges"). Here, defendant acknowledges that he "asked the court to instruct the jury that the state had to prove beyond a reasonable doubt that he '*intentionally or recklessly* hunted on the enclosed land of another.'" (Emphasis added.) He further acknowledges that he "did not object to the instruction or take exception" when the trial court instructed the jury that the state was required to prove that "[defendant] *recklessly* hunted on the enclosed land." (Emphasis added.) As a consequence, we are unpersuaded by defendant's argument that he did not invite the error because he "did not ask the court to remove 'intentionally.'" *See State v. Saunders*, 221 Or App 116, 122, 188 P3d 449, *rev den*, 345 Or 416 (2008) ("[A] party's request that the court give a jury instruction invites error resulting from the instruction."). We therefore reject defendant's first assignment of error.

---

[1] ORS 498.120(1) prohibits any person from "hunt[ing] upon the cultivated or enclosed land of another without first obtaining permission from the owner or lawful occupant."

*The trophy.*[2] In his second assignment of error, defendant argues that the trial court erred when it ordered him to forfeit the trophy under ORS 496.860.[3] We review for legal error. *State v. New*, 113 Or App 88, 90-91, 830 P2d 614 (1992).

On appeal, defendant argues that "ORS 496.680(1) does not apply because defendant did not take or possess the ram in violation of the wildlife laws" and that the trial court "lacked the authority to order defendant to forfeit" the trophy under ORS 496.680(2). The state responds that defendant did not preserve his arguments and that, in any event, "[t]his was one continuous episode in which defendant unlawfully stalked the ram while on the enclosed * * * property in violation of ORS 498.120, shot it, and then obtained possession of the fallen ram while on [enclosed] property."

Assuming, without deciding, that defendant preserved his arguments, we conclude that the trial court did not err in ordering defendant to forfeit the trophy under ORS 496.680(1). As relevant here, ORS 496.680(1) provides that "[a]ll wildlife taken by, or in the possession of any person in violation of the wildlife laws * * * may be forfeited." ORS 498.120 is a wildlife law. ORS 496.002 (providing that "the wildlife laws" include ORS chapters 496 and 498).

Here, the jury convicted defendant of violating ORS 498.120—a wildlife law—by "recklessly hunt[ing] on the enclosed land." The jury was instructed that "'[h]unt' means to take or attempt to take any wildlife by means involving the use of a weapon." Further, defendant acknowledges that "the sheep walked a short distance to the [enclosed] property, where it died" and the record indicates that, after the sheep died, defendant and his companions "load[ed] it up and [took] it closer to camp." Because, "[a]s used in the wildlife laws," "'take' means to kill or *obtain possession* or control

_____

[2] In the general judgment, the trial court ordered defendant to forfeit the "[s]heep (Trophy)." Although the parties reference both "the sheep" and "the ram" on appeal, we understand those terms to reference the same wildlife addressed in the general judgment.

[3] ORS 496.680(1) provides, in relevant part, that "[a]ll wildlife taken by, or in the possession of any person in violation of the wildlife laws * * * may be forfeited." ORS 496.680(2) provides, in relevant part, that "[a]ll wildlife shot by any person while violating any provision of * * * [ORS] 498.120 * * * shall be forfeited."

of any wildlife," ORS 496.004(16) (emphasis added), we are unpersuaded by defendant's argument that the record "does not establish that he took or possessed the ram in violation of wildlife laws." The record is legally sufficient to support a determination that defendant obtained possession of the sheep in violation of a wildlife law. In light of the foregoing, we do not reach defendant's arguments concerning ORS 496.680(2). The trial court did not err.

Affirmed.