Argued June 21, affirmed July 30, 1979

STATE OF OREGON,
*Respondent,*
*v.*
DANIEL KEYS,
*Appellant.*

(No. Cr. 7212, CA 13020)

597 P2d 1266

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[379]

Before, Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant seeks reversal of his conviction for unauthorized use of a vehicle, ORS 164.135(1)(a).[1] He argues that the combine and swather which he was convicted of using without the owner's consent are not "vehicles" within the meaning of that statute. Defendant also appeals the sentence order requiring him to pay restitution, arguing that the trial court erroneously failed to specify a payment schedule. *See State v. Calderilla*, 34 Or App 1007, 580 P2d 578 (1978). We affirm.

In *State v. Essig*, 31 Or App 639, 571 P2d 170 (1977), *rev den* (1978), this court held that the term "vehicle" in ORS 164.135(1)(a) must be given its ordinary meaning, that is, "a means of transporting something." 31 Or App at 644. The Court concluded that a forklift was a vehicle within the meaning of the statute.

■ Similarly, a combine and a swather, operated by a driver who rides on the machine, are means of transporting something, and within the statute.

■ The restitution order here provided that if defendant is paroled, he must as a condition of his parole reimburse the victim in the amount of $7,455. Defendant failed to object at the time of sentencing to the court's failure to specify a schedule of payments. We hold that in the absence of such an objection at the time of sentencing the defendant has waived his challenge to the order. ORS 137.106(3). *Cf. State v. Ivie*, 38 Or App 453, 590 P2d 741 (1979).

Affirmed.

---

[1] ORS 164.135(1)(a) provides:

"A person commits the crime of unauthorized use of a vehicle when:

"(a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner * * *"