## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES ALLEN NELSON,
*Appellant.*

(No. 10-80-00910, CA 17585)

622 P2d 1148

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.   PRO TEMPORE*

_____

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J. PRO TEMPORE

On December 7, 1979, defendant stole a video camera from a retail store. Friends of defendant pawned the camera to H & B Loan Company for $35. Defendant was subsequently convicted of theft in the first degree (ORS 164.055) for stealing the camera. The trial court suspended imposition of sentence and ordered defendant placed on probation. Defendant appeals from the terms of probation requiring him to make restitution to H & B Loan Company, to pay costs in an amount to be stipulated to by the parties, and to sell a horse in Idaho and apply the proceeds to the costs and restitution ordered.

■ ■ An order of restitution is beyond the trial court's authority where the defendant is neither convicted of nor admits the criminal conduct from which the victim's loss resulted. *State v. Armstrong,* 44 Or App 219, 605 P2d 736, *rev den* (1980); ORS 137.106(1), 137.103(1). In *State v. Lewis,* 49 Or App 447, 619 P2d 684 (1980), we upheld an order of restitution to a pawn shop upon defendant's conviction for theft of the pawned item, a guitar, because the defendant admitted pawning the guitar and receiving money for it. These admissions, together with the conviction, were tantamount to admitting a separate offense of theft relating to selling the stolen guitar. In this case, defendant was involved with others in a number of burglaries in addition to his theft of the camera. He admits that he and his friends traveled to Portland for the specific purpose of selling the stolen goods. Although his friends may have actually sold the camera to H & B Loan Company and received the money, defendant is equally responsible for the loss.[1] ORS 161.155. The order of restitution is affirmed.

■ Defendant also challenges the order to pay costs. ORS 161.655(3) limits the assessment of costs:

"(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

---

[1] Defendant's friends were co-defendants in the burglary cases.

*See also, State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973), *aff'd sub nom Fuller v. Oregon,* 417 US 40, 94 SCt 2116, 40 LEd 2d 642 (1974). Defendant argues that, by leaving it to the parties to stipulate to and thereby decide the amount of costs to be paid, the court could not have made the requisite finding that defendant is or will be able to pay the costs. Presumably, when defendant stipulates to an amount, he himself will take into account whether he is or will be able to pay the costs. At the sentencing hearing defendant voluntarily agreed to a suggestion by his attorney to settle the amount of costs by stipulation at a later time. He will not now be heard to complain that this suggestion was accepted.

■ Finally, we turn to the matter of the horse. Defendant failed to object at the time of sentencing to the trial court's order requiring him to sell the horse. Defendant therefore has waived his objection to the order. *State v. Keys,* 41 Or App 379, 597 P2d 1266 (1979).

Affirmed.