Argued and submitted March 27, affirmed May 2, reconsideration denied August 1, petition for review denied September 18, 1990 (310 Or 393)

# STATE OF OREGON,
*Respondent,*

*v.*

# BRIAN KEITH CARPENTER,
*Appellant.*

## (C88-03-31401; CA A50988)

791 P2d 145

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were David B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Defendant appeals his convictions for assault in the first degree and unauthorized use of a motor vehicle. ORS 163.185; ORS 164.135. He assigns error to the court's imposition of restitution as part of his sentence. ORS 161.675(1).[1] We affirm.

The sentence requires that defendant pay restitution "in an amount not to exceed $40,000, said restitution to be paid * * * at a payment rate and schedule to be determined by his parole officer * * *." Defendant argues that the trial court lacked authority to delegate the setting of a specific restitution payment schedule to the Board of Parole. *See State v. Wilcher,* 96 Or App 603, 773 P2d 803 (1989). The state concedes that *Wilcher* would control but for the fact that defendant waived his right to a hearing, ORS 137.106(3),[2] at the time of sentencing. *See State v. Deloge,* 55 Or App 742, 745, 639 P2d 1293 (1982); *State v. Miller,* 44 Or App 625, 606 P2d 689 (1979); *State v. Barnett,* 42 Or App 69, 75, 600 P2d 877 (1979); *State v. Keys,* 41 Or App 379, 381, 597 P2d 1266 (1979); *State v. Daniels,* 41 Or App 243, 248, 597 P2d 1277 (1979).

Defendant argues that he is not barred from raising the issue on appeal, because the trial court's error is apparent on the face of the record and should, therefore, be corrected. *See* ORAP 5.45(2); *State v. Kizer,* 308 Or 238, 241, 779 P2d 604 (1989). He suggests that his failure to request a hearing and object makes no difference, because the trial court exceeded its statutory authority in imposing the sentence and that an objection is not a prerequisite to the challenging of a sentencing order that is void. *See State v. Wills,* 93 Or App 322, 761

---

[1] ORS 161.675(1) provides:

"When a defendant, as part of a sentence or as a condition of probation or suspension of sentence, is required to pay a sum of money for any purpose, the court may order payment to be made forthwith or within a specified period of time in specified installments."

[2] ORS 137.106(3) provides:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow the defendant to be heard on such issue."

ORS 137.106 was enacted in response to *State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976). Subsection 3 was intended to afford a defendant the right to be heard, as contemplated by *Stalheim.* Or Laws 1977, ch 371, § 6; Minutes, House Committee on Judiciary, April 12, 1977, p 4.

P2d 1365 (1988), *rev den* 307 Or 611 (1989); *State v. Braughton,* 28 Or App 891, 561 P2d 1040 (1977).

■  By failing to object, defendant waived his right to challenge the imposition of restitution. The cases relied on by the defendant do not discuss waiver of the right to object. When the legislature has specifically granted a right to be heard, failure to object prevents a challenge on appeal. *State v. Keys, supra.* Even if there was no objection, we may nonetheless consider error apparent on the face of the record. Consideration of that kind of error requires examination of the entire record to determine if error is manifest and whether the ends of justice would not otherwise be satisfied unless the error were considered. *State v. Montez,* 309 Or 564, 600, 789 P2d 1352 (1990); *State v. Hickmann,* 273 Or 358, 360, 540 P2d 1406 (1975).

■  We hold that, because defendant chose to waive his right to be heard and to object in the trial court, the ends of justice do not require that his assignment of error be considered on appeal.

Affirmed.