Submitted May 28, remanded for resentencing; otherwise affirmed July 8, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KRIS LEE HARRINGTON,
*Defendant-Appellant.*

Josephine County Circuit Court
05CR0691; A136806

211 P3d 972

Peter Gartlan, Chief Defender, and David O. Ferry, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Rene C. Holmes, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for first-degree robbery, ORS 164.415, possession of methamphetamine, ORS 475.894, and unlawful possession of a destructive device, ORS 166.382. He assigns error to the trial court's denial of a motion for a judgment of acquittal on the robbery charge and to the imposition of restitution in the amount of $5,843.40. We affirm the court's denial of the motion for a judgment of acquittal without discussion, but remand for resentencing because of insufficient evidence to support the imposition of restitution.

The relevant facts are not in dispute. The victim and an acquaintance, Haynes, went to defendant's house. At some point during the visit, Haynes attempted to stun the victim with a Taser. The victim and Haynes began wrestling. Defendant walked into the room and pointed a gun at the victim and told him to "take the taze." The victim then blacked out. When he awoke, he was told to "put everything" into a hat that was on the floor in front of him. The victim put his ring, watch, and wallet into the hat. Defendant was charged with, and ultimately convicted of, first-degree robbery based on the foregoing incident.

At sentencing, the state asked the court to impose $5,843.40 in restitution. The court responded that that was "a lot of restitution" and that, although there usually is a "restitution sheet" in the file, there appeared to be no such information in the file. The state offered no explanation for the amount that it requested. Defendant mentioned that he had received a "restitution request of 500 CD's, $350.00 cash," but that he did not know anything about those items. "[H]e didn't take them. He did not participate in the stealing of those items." The trial court then imposed sentence, including the $5,843.40 in restitution that the state requested.

On appeal, defendant contends that the trial court erred in imposing restitution without any evidentiary support for the amount of the victim's loss. Defendant points out that there is no evidence of the loss of any CDs in the robbery—only a ring, a watch, and a wallet. Moreover, he

contends, there is a complete absence of evidence as to the value of the items claimed.

The state responds that defendant failed to preserve that contention, that any error is not plain on the face of the record, and that, even if it was plain error, we should not exercise our discretion to correct it. According to the state, if defendant had complained about the absence of evidence at the sentencing hearing, it could have requested a continuance and attempted to supply the missing evidentiary basis for the request.

Defendant acknowledges that he objected to the state's restitution request "in only general terms." To the extent that the objection was not sufficiently specific, he asks us to review the matter as plain error.

We begin with the issue of preservation. Under ORAP 5.45(1), we may review unpreserved errors of law that are "apparent on the face of the record." The criteria for plain error are:

> "(1) it must be an error of law; (2) it must be apparent, meaning the legal point must be obvious, that is, not reasonably in dispute; and (3) it must appear on the face of the record, meaning the court need not go outside the record or choose between competing inferences to identify the error."

*State v. Martin*, 221 Or App 78, 81, 188 P3d 432, *rev den*, 345 Or 418 (2008) (internal quotation marks omitted).

In this case, the issue presented is whether the trial court complied with the statutory requirements for the imposition of restitution under ORS 137.106, which the Supreme Court has held consist of evidence of "(1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two." *State v. Edson*, 329 Or 127, 132, 985 P2d 1253 (1999). That is a question of law. *See State v. Gray*, 113 Or App 552, 555, 833 P2d 341 (1992).

Whether the trial court complied with those requirements is apparent from the record and is not reasonably in dispute. Close in point in that regard is our opinion in *State v. Neese*, 229 Or App 182, 210 P3d 933 (2009). In that case, the defendant was convicted of a variety of sex offenses. The trial

court imposed a compensatory fine in the amount of $75,000 "for the benefit of the victim." On appeal, the defendant complained, for the first time, that there was a complete absence of evidentiary support for the amount imposed. The state responded that the contention was unpreserved and not subject to plain error review. *Id.* at 184. We disagreed with the state, holding that the absence of evidentiary support for the amount of a compensatory fine could be determined by examining the record and that the legal issue was not reasonably in dispute. *See id.* at 186-87.

Although *Neese* involved a compensatory fine and this case involves restitution, our conclusion in this case is the same issue as in *Neese*: The absence of any evidence supporting the amount of restitution is readily determinable by examining the record and the legal point is not reasonably in dispute. The state insists that "[s]ome evidence existed to support the victim's restitution figure. The victim testified that specific items were stolen from him, although he did not provide monetary figures." That there is evidence that certain items were stolen, however, in no way establishes the *value* of those items. The state points to no evidence of value in the record of this case and no basis for drawing an inference that the value of the items stolen totaled $5,843.40.

The question remains whether we should exercise our discretion to review the error. In deciding whether to exercise that discretion, we are to consider a variety of factors, including "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

On that question, our recent decision in *Neese* is again dispositive. In that case, as in this one, the record contained no evidence to support the imposition of restitution in the amount that the state requested. We determined in *Neese* that, because of the significant amount of the compensatory fine involved and because it was not clear whether such evidence could be marshaled, the defendant's interest in correcting the error was high. 229 Or App at 186. The same is true

in this case. The amount of restitution is not insubstantial. Moreover, it is not clear whether there is evidence that the victim lost *any* CDs, much less that the value of the stolen items was in excess of $5,000. When the state asserts that "[t]he victim testified that specific items were stolen from him," the transcript reference to which it refers contains testimony only about a ring, a watch, and a wallet.

Remanded for resentencing; otherwise affirmed.