248 P.3d 449 (2011)
241 Or. App. 36
STATE of Oregon, Plaintiff-Respondent,
v.
Joseph Lee UMPHERY, Defendant-Appellant.
08FE0538MA; A141891.
Court of Appeals of Oregon.
Submitted December 20, 2010.
Decided February 23, 2011.
Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.
John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Kristen G. Williams, Assistant Attorney General, filed the brief for respondent.
Before BREWER, Chief Judge, and GILLETTE, Senior Judge.
BREWER, C.J.
Defendant appeals from his convictions for, among other offenses, second-degree assault, ORS 163.175,[1] assigning error to the trial court's imposition of restitution. Defendant argues that, because he objected to the imposition of restitution, he was entitled to a restitution hearing under ORS 137.106(5). The state concedes that the trial court erred by imposing restitution without first affording defendant a hearing. As explained below, we find that concession to be well founded, and we accept it.[2]
Defendant was convicted of a variety of offenses arising out of an automobile accident that he caused by driving at a high rate of speed while under the influence of alcohol. At defendant's sentencing hearing, the prosecutor informed the court that the state was seeking $383,667.97 in restitution on behalf of an insurance company, together with an additional $1,089.40 in restitution for one of defendant's victims. Defendant's counsel replied:
"Your honor, I don't think that [defendant] is opposed to paying the reasonable medical costs of the victims, but absent a more detailed showing or cost breakdown, I think that we would prefer to have a restitution hearing in order to at least be able to parse out which of these things is medically related and which of these is property related and how much of this is insurance requested."
The trial court agreed that "there needs to be a restitution hearing[.] * * * This is a significant amount of money so we can't just skim right over that. We will have a restitution hearing unless the parties can agree to an amount." The court then continued with defendant's sentencing. After imposing incarcerative sentences, the court stated that "now restitution, as we discussed earlier in this hearing, is going to be left open because of the amount requested and, frankly, the lack of detail." However, the court did not hold a restitution hearing, but ultimately imposed, in a written judgment, restitution in the amounts of $383,667.97 in favor of the insurance company, and $1,089.40 for the victim.
ORS 137.106 governs the imposition of restitution as a sanction upon a person's conviction *450 for a crime. That statute provides, in pertinent part:
"(1) When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:
"* * * * *
"(5) If the defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution."
The plain text of ORS 137.106(5) requires that, when a defendant objects to the amount of restitution and asks for a hearing, the trial court must accede to such a request. The failure to do so constitutes reversible error. State v. Zaragoza, 220 Or.App. 526, 530, 188 P.3d 308 (2008); State v. Hval, 174 Or.App. 164, 174, 25 P.3d 958, rev. den., 332 Or. 559, 34 P.3d 1177 (2001). In this case, as the state rightly concedes, defendant adequately objected to the imposition of restitution in favor of the insurance company and sought a restitution hearing. Defendant was not afforded a hearing, and we therefore vacate the sentence and remand for resentencing.
Remanded for resentencing; otherwise affirmed.
NOTES
[1] ORS 163.175 provides, in part:

"(1) A person commits the crime of assault in the second degree if the person:
"* * * * *
"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."
[2] We reject without further discussion defendant's further assignment of error that the trial court erred in denying his motion for a judgment of acquittal.