Submitted June 8, affirmed December 14, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOL RAE GRUVER,
*Defendant-Appellant.*

Lane County Circuit Court
200912390; A143858

268 P3d 760

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Haselton, Judge, and Gillette, Senior Judge.*

BREWER, C. J.

---

* Haselton, J., added pursuant to ORS 2.570(2)(b).

### BREWER, C. J.

Defendant appeals her conviction for theft in the first degree, ORS 164.055, challenging the trial court's award of restitution. Defendant argues that the trial court erred by imposing restitution in the absence of sufficient evidence of the value of the merchandise that she stole or the necessary repair costs for the property that she damaged. Defendant concedes that her assignment of error is unpreserved, but she urges us to conclude that the error is plain and exercise our discretion to correct it. Because the trial court did not plainly err, we affirm.

The pertinent facts are undisputed. Defendant and an accomplice entered a department store and began placing items of jewelry into a satchel. Defendant took the satchel into a dressing room and removed the jewelry from its packaging. Defendant then took the packaging into a restroom and attempted to flush the packaging down a toilet. When doing so, she damaged a toilet. Defendant was apprehended by store loss-prevention personnel, and the jewelry that she had stolen was recovered, although some of it was damaged. Defendant was convicted by a jury of first-degree theft.

At defendant's sentencing hearing, the state sought a restitution award to the victim in the amount of $4,179.59. The prosecutor submitted a "restitution schedule" to the court which included two line items: (1) "Loss: Damaged Jewelry $3,809.99" and (2) "Loss: Plumbing Bill $369.00." The prosecutor made no other showing in support of the amount of restitution sought; however, at trial, the department store's loss-prevention supervisor had testified that she had identified the jewelry that defendant stole after it was recovered and had determined its value to be $3,809.99. Another loss-prevention employee had testified that the department store's maintenance and housekeeping staff had had to clear the toilet of jewelry packaging. The trial court awarded restitution "pursuant to the restitution schedule." Defendant did not object to either the imposition of restitution or the amount of the award. The trial court entered a judgment that included the restitution award, and this appeal followed.

Defendant concedes that she failed to preserve her challenge on appeal but argues, nevertheless, that imposition

of the award was plainly erroneous because the state failed to adduce sufficient evidence of the victim's economic loss. The state responds, first, that, because defendant failed to avail herself of her statutory right to object to the imposition of a restitution award or the amount of the restitution award under ORS 137.106(5), she cannot challenge that award on appeal. Second, the state contends that the "restitution schedule" established the nature and amount of the victim's damages and, thus, the trial court did not err in imposing the restitution award. We reject the state's argument under ORS 137.106(5), but we agree that the trial court did not plainly err by imposing the restitution award.

ORS 137.106(5) provides that, "[i]f [a] defendant objects to the imposition * * * of restitution, the court shall allow the defendant to be heard on such issue." According to the state, a defendant's failure to do so "precludes appellate review." For that proposition, the state relies on several decisions by this court that interpreted *former* ORS 137.106(3), *renumbered as* ORS 137.106(5) (2003).[1] For example, in *State v. Carpenter*, 101 Or App 489, 492, 791 P2d 145, *rev den*, 310 Or 393 (1990), we held, following *State v. Keys*, 41 Or App 379, 381, 597 P2d 1266 (1979), that, because *former* ORS 137.106(3) "specifically grant[s] a right to be heard, failure to object prevents a challenge on appeal." The state argues that, because ORS 137.106(5) is virtually identical to *former* ORS 137.106(3), defendant's assignment is unreviewable because she "waived" her statutory right to be heard.

The state acknowledges that, more recently, we have reviewed on appeal challenges to a restitution award where no objection was made to the sentencing court and that we have done so by concluding that the imposition of restitution in those cases was "plain error." *See, e.g., State v. Harrington*, 229 Or App 473, 211 P3d 972, *rev den*, 347 Or 365 (2009). However, the state asserts that the statutory waiver argument that it advances here "was not made in *Harrington*" and, thus, "this court was not alerted to the controlling law of

---

[1] *Former* ORS 137.106(3) provided:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

those earlier decisions." Accordingly, the state urges this court to "reconsider its position that an unpreserved objection to restitution may nevertheless be pursued on appeal, either as plain error or otherwise."

We acknowledge that some of our decisions based on *former* ORS 137.106(3) appear at first blush to support the state's position. However, none of those cases directly construed the operative language of the statute under the controlling principles set out in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), and *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Indeed, in our prior decisions, we "did not focus on or even consider the words of the statute[ ] that we now recognize to be pivotal." *State v. Sandoval*, 342 Or 506, 513, 156 P3d 60 (2007). Accordingly, to determine whether we should accept the state's invitation to revisit our implicit conclusion in *Harrington* that an unpreserved challenge to a restitution award is reviewable on appeal, we examine the text, context, and legislative history of the pertinent statutory framework.

*Former* ORS 137.106(3) was enacted in 1977 and remained unchanged until 2003, when it was renumbered as ORS 137.106(5) and amended to provide:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution."

As noted, as originally enacted, *former* ORS 137.106(3) provided:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

We agree with the state that the minor changes to the wording and syntax of the statute, as amended, do not appear to alter its meaning. However, as an initial matter, we observe that neither the text of ORS 137.106(5) nor the text of *former* ORS 137.106(3) expressly provided that, if a defendant fails to object to the imposition, amount, or distribution of restitution, such failure precludes appellate review

of the trial court's award. Rather, both versions of the statute merely grant defendants the right to have their objections heard. *See State v. Umphery*, 241 Or App 36, 39, 248 P3d 449, *rev den*, 350 Or 571 (2011) (so stating). In addition, none of the other subsections of ORS 137.106 (1977) supports the state's argument that a defendant's failure to assert his or her statutory right to a hearing constituted a "waiver" of appellate review of the award of restitution.[2] *Cf. Fox v. Collins*, 238 Or App 240, 251, 241 P3d 762 (2010), *rev den*, 350 Or 297 (2011) ("[U]nder Oregon law, waiver is the 'intentional relinquishment of a known right.' " (Internal quotation marks omitted.)). Moreover, none of the surrounding statutes governing the imposition of restitution provides support for that argument.

With our focus firmly fixed on the pertinent statutory framework, we turn to a more detailed discussion of the cases on which the state relies. ORS 137.106 was enacted in 1977 as part of the legislature's comprehensive overhaul of Oregon's restitution statutes in response to the Supreme Court's opinion in *State v. Stalheim*, 275 Or 683, 552 P2d 829 (1976). *See State v. Dillon*, 292 Or 172, 175-76, 637 P2d 602 (1981) (so stating). By enacting ORS 137.103 to 137.109, the 1977 legislature "intended to codify *Stalheim* in certain respects, but to depart from it in others." *Dillon*, 292 Or at 178. As we recognized in *State v. Ivie*, 38 Or App 453, 456, 590 P2d 740 (1979), the court's observation in *Stalheim* that, "if

---

[2] In its entirety, ORS 137.106 (1977) provided:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment.

"(3) If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

there remains some question as to the amount of the victim's loss, the defendant is entitled to a hearing on that issue[,]" 275 Or at 688, was likely the reason for the enactment of *former* ORS 137.106(3).

In *Ivie*, we analyzed, for the first time, the provision of ORS 137.106 granting a defendant the right to a hearing as to the imposition, amount, or distribution of restitution. There, the defendant had contested the amount of restitution before the trial court but had not requested a hearing as provided by the statute. We concluded that

> "[*former*] ORS 137.106(3) and *State v. Stalheim* clearly grant defendant the right to a hearing to contest the amount of restitution. In this case, defendant did not request such a hearing and offered no evidence to contradict the victim's estimate of the value of the missing property. Because defendant did not offer contrary evidence or request the hearing to which he was entitled, the trial court did not err in ordering an amount of restitution based upon information from the victim."

38 Or App at 456-57.

We relied on *Ivie* in *Keys*, where the defendant had failed to "object at the time of sentencing to the court's failure to specify a schedule of [restitution] payments." 41 Or App at 381. We held that, "in the absence of such an objection at the time of sentencing[,] the defendant has waived his challenge to the order. [*Former*] ORS 137.106(3)." *Id. See also State v. Miller*, 44 Or App 625, 627, 606 P2d 689 (1980) ("Ordinarily defects in the terms of restitution are waived by failure of the defendant to make timely objection pursuant to [*former*] ORS 137.106(3)."); *State v. Lake*, 49 Or App 505, 507-08, 619 P2d 1332 (1980), *rev den*, 290 Or 519 (1981) (same); *State v. Nelson*, 50 Or App 297, 300, 622 P2d 1148, *rev den*, 290 Or 853 (1981) (same); *State v. Crooks*, 84 Or App 440, 447, 734 P2d 374 (1987) (same); *State v. Lunksi*, 101 Or App 495, 496, 791 P2d 146 (1990) (same). We did not elaborate on our use of the term "waiver" in *Keys*, nor did we derive that term from the text or context of *former* ORS 137.106(3).

In each of the cases cited above, our reliance on *Ivie* and later cases such as *Keys* and *Carpenter* was confined to mere citations. No subsequent case endeavored to construe

the particular terms of *former* ORS 137.106(3). Because none of the foregoing cases, or any of the other cases that we decided under *former* ORS 137.106(3), actually construed the text of that statute, in context, we decline to give them any significant weight in our analysis of the text of ORS 137.106(5). *See Sandoval*, 342 Or at 513 (declining to follow *State v. Charles*, 293 Or 273, 647 P2d 897 (1982), because "[t]he court's analysis did not focus on or even consider the words of the statutes that we now recognize to be pivotal").

The state's reliance on those cases also fails to confront the fact that the current version of ORS 137.106 differs substantially from earlier versions of ORS 137.106. Although *former* ORS 137.106(3), now ORS 137.106(5), has remained essentially intact since its enactment, other portions of the statute, and, in particular, subsections (1) and (2), have been completely revised.

ORS 137.106 provides, in part:

"(1)   When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"* * * * *

"(2)   After the district attorney makes a presentation described in subsection (1) of this section, if the court is unable to find from the evidence presented that a victim suffered economic damages, the court shall make a finding on the record to that effect."

The current version of ORS 137.106 thus allocates to the district attorney the responsibility to present to the trial court "evidence of the nature and amount of the damages" prior to the time of sentencing. In turn, the court must either impose restitution or make a finding on the record that the evidence presented is insufficient to support such an award. Thus, unlike earlier versions of ORS 137.106, the current

version of ORS 137.106 specifies a process that must be followed before restitution can be imposed, and it affirmatively requires a determination by the court that the evidence of the victim's pecuniary loss is sufficient to support such an award. We need not decide, for purposes of plain error analysis, how that requirement interplays with subsection (5). However, at the very least, it undercuts the state's reliance on decisions based on the prior version of the statute, which contained no such requirement. *Cf. State ex rel Dept. of Human Services v. J. N.*, 225 Or App 139, 144, 200 P3d 615 (2009) (trial court's failure to make statutorily required findings under ORS 419B.476(2)(d) and ORS 419B.449(2) reviewable as plain error).

In short, nothing in the text, context, or legislative history of either the earlier version of ORS 137.106 or the current version of that statute supports the conclusion that a defendant's failure to request a hearing precludes appellate review of a restitution award for asserted plain error. Accordingly, we decline the state's invitation to reconsider our decision in *Harrington* on the ground that, in that case, we failed to follow our "statutory waiver" line of cases. We conclude that defendant's challenge to the restitution award in this case is reviewable on appeal, and we disavow any contrary intimation in our cases decided under *former* ORS 137.106(3).

We turn to the parties' remaining arguments. Ultimately, we agree with the state that *Harrington* does not control here, but not because the imposition of restitution never can be plainly erroneous in the absence of a request for a restitution hearing. Rather, *Harrington* is not controlling because, in that case, the defendant challenged the imposition of restitution "without any evidentiary support for the *amount* of the victim's loss." 229 Or App at 475 (emphasis added). Here, however, defendant does not challenge the amount of the restitution award but instead contends only that there was no evidence that the victim was entitled to restitution in any amount. As we will explain, there is some evidence in the record to support the trial court's award of restitution in this case.

In *Harrington*, the defendant was convicted, among other things, of first-degree robbery. At sentencing, the state requested restitution but did not present specific evidence in support of the amount of restitution that it sought. *Id.* The defendant objected to the imposition of restitution "in only general terms." *Id.* at 476. The trial court imposed restitution, and the defendant appealed, urging this court to review the imposition of restitution as "plain error." *Id.* The state did not make the statutory waiver argument that it makes here, but, instead, argued that, because the defendant could have made his objection before the trial court, and the state could then have obtained a continuance to gather evidence in support of the amount of restitution, any error was not plain. We disagreed, explaining that "[t]he absence of any evidence supporting the amount of restitution is readily determinable by examining the record and the legal point is not reasonably in dispute." *Id.* at 477. Ultimately, we exercised our discretion to review the defendant's assignment of error, and we remanded the case to the trial court for a determination of the amount of restitution. *Id.* at 478. *Harrington* thus stands for the proposition that the imposition of a particular amount of restitution in the absence of *any* evidence in the record to support such an award can constitute "plain error."

We turn to the particular circumstances of this case. As noted, defendant argues that the trial court plainly erred because the record does not establish the victim's entitlement to restitution in *any* amount—that is, in defendant's words, "the state offered *no evidence* to show that the property sustained *any* damage, and if it [had sustained damage], the loss of value caused by that damage." (Emphasis added.)

Defendant is mistaken. As elaborated above, the prosecutor elicited testimony at trial that described the nature of the damage to the store's toilets that defendant caused as well as testimony from store loss-prevention personnel as to the value of the jewelry that defendant stole. Whatever the state's purported deficiencies in failing to make a more detailed showing of the "loss of value" that defendant caused, there is no question that the state's proof established loss triggering an *entitlement* to restitution. Thus, the record here does not disclose the plain error that we identified in

*Harrington*, which involved a total absence of evidence to support the restitution award in a particular amount.

In sum, there may be circumstances in which, due to plain error, reversal is warranted due to a total lack of evidence to support a restitution award. However, where, as here, the prosecutor adduced some "evidence of the nature and amount of the damages," and defendant did not raise any objection pursuant to ORS 137.106(5), the trial court did not plainly err when it imposed the restitution award in this case. ORS 137.106(1).[3]

Affirmed.

---

[3] We need not decide whether the trial court actually erred in imposing the total amount of restitution under the particular circumstances of this case because, as discussed, the court did not plainly err.