Submitted February 28, affirmed April 4, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICKIE LEE WEST,
*Defendant-Appellant.*

Coos County Circuit Court
09CR0756; A145018

274 P3d 892

Peter Gartlan, Chief Defender, and Jonah Morningstar, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting her of first-degree theft. ORS 164.055. She asserts that the trial court erred in imposing restitution in the amount of $2,336.96, contending that that restitution award is not supported by sufficient evidence. Defendant's assignment of error is unpreserved; she acknowledges that she failed to "specifically object to the trial court's imposition of restitution in the amount of $2,336.96." Nonetheless, defendant urges this court to conduct plain error review under ORAP 5.45(1).[1]

Recently, in *State v. Gruver*, 247 Or App 8, 17, 268 P3d 760 (2011), we acknowledged that "the imposition of a particular amount of restitution in the absence of *any* evidence in the record to support such an award can constitute 'plain error.'" (Emphasis in original.) However, we held in *Gruver* that, where the prosecutor presents some evidence to support restitution of a particular amount, and the defendant does not raise an objection to the amount of restitution pursuant to ORS 137.106(5), the trial court does not plainly err in imposing restitution in that amount. *Id.* at 18. Here, as in *Gruver*, there was some evidence presented of the nature and amount of damages. Therefore, the trial court did not plainly err in imposing the restitution award.

Affirmed.

---

[1] Pursuant to ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."