Submitted April 30, remanded for resentencing; otherwise affirmed June 6, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO ARENAS MARTINEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C100801CR; A145928

280 P3d 399

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant appeals a judgment of conviction, following a bench trial, for unlawful use of a weapon, ORS 166.220; two counts of criminal mischief in the first degree, ORS 164.365; and menacing, ORS 163.190. He was sentenced to probation and ordered to pay, among other items, restitution in the amount of $3,209.85. On appeal, he raises three assignments of error related to his convictions, which we reject without discussion. We write only to address his fourth assignment of error, in which he challenges the award of restitution. On that assignment, we agree with defendant and reverse and remand for resentencing.

Defendant asserts that the trial court erred in ordering defendant to pay $273 in restitution to Care Oregon because the record lacks evidence to support that part of the restitution award.[1] He acknowledges that he did not preserve this assignment of error for appeal but requests that we review it as plain error, ORAP 5.45(1), and exercise our discretion to correct it. *Ailes v. Portland Meadows*, 312 Or 376, 381-82, 823 P2d 956 (1991). The state concedes that the court plainly erred in including that amount in the restitution award. We agree and accept the state's concession; we further exercise our discretion to correct the error.

At sentencing, the state requested restitution in the amount of $3,209.85, which the court awarded without objection from defendant. A restitution "exhibit" accompanying the judgment, which was apparently submitted to the court by the prosecutor, indicates that $273 of that amount is for "Care Oregon" and includes the notation "Attn: Subrogation," as well as reference to a patient policy number. Although, as the state observes, that indicates that "Care Oregon is an insurance company that paid out on treatment to one of the victims," the state also concedes that there is no evidence in the record to support that supposition.

Recently, in *State v. Gruver*, 247 Or App 8, 18, 268 P3d 760 (2011), we held that the trial court did not plainly err in imposing restitution where the prosecutor had adduced

---

[1] Defendant does not argue on appeal that the trial court erred in imposing the remaining amount of restitution.

some evidence of the nature and amount of the damages at trial and the defendant did not raise any objection pursuant to ORS 137.106(5), which would have entitled him to a hearing on the issue. However, we also reiterated that "the imposition of a particular amount of restitution in the absence of *any* evidence in the record to support such an award can constitute 'plain error.' " *Id.* at 17 (emphasis in original). That is the case here—in short, the record is devoid of any evidence from which the court could find that defendant's criminal conduct resulted in economic damages of $273 to Care Oregon. ORS 137.106(1). Thus, the court's inclusion of that amount in the restitution award was plain error. *See State v. Creech*, 235 Or App 183, 230 P3d 102, *rev den*, 348 Or 669 (2010) (imposition of restitution unsupported by any evidence that the victim had actually suffered a pecuniary loss was plain error); *State v. Harrington*, 229 Or App 473, 211 P3d 972, *rev den*, 347 Or 365 (2009) (court plainly erred in awarding restitution where there was no evidentiary support for the amount of the victim's loss).

We also exercise our discretion to correct the error. The amount of restitution is not insubstantial given defendant's circumstances; moreover, the interests of justice militate against requiring a defendant to pay an obligation that is totally unsubstantiated by the record. *Ailes*, 312 Or at 382 n 6 (among the factors that the court considers in determining whether to exercise discretion to correct plain error are the gravity of the error and the interests of justice). Accordingly, we remand for resentencing and otherwise affirm. *State v. Tippetts*, 239 Or App 429, 244 P3d 891 (2010).

Remanded for resentencing; otherwise affirmed.