Submitted on remand January 9, remanded for resentencing; otherwise affirmed
March 6, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TITUS ALBERT WHITE,
*Defendant-Appellant.*

Jackson County Circuit Court
093166MI; A144392

298 P3d 50

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant, who was convicted of fourth-degree assault, ORS 163.160, and harassment, ORS 166.065, asserts on appeal that the trial court committed plain error in entering a supplemental judgment imposing restitution in the amount of $1,337.27. We originally dismissed his appeal from the supplemental judgment for lack of jurisdiction. Relying on *State v. Fowler*, 350 Or 133, 252 P3d 302 (2011), along with our decision in *State v. Mullins*, 245 Or App 505, 263 P3d 370 (2011), we concluded that defendant's appeal from the supplemental judgment was untimely. Subsequently, the Oregon Supreme Court issued its decision in *State v. Mullins*, 352 Or 343, 284 P3d 1139 (2012) (*Mullins*). It then vacated our prior decision and remanded this case to us for reconsideration in light of *Mullins*. On remand, we conclude that the appeal from the supplemental judgment was timely in light of the Supreme Court's decision in *Mullins*, and, with respect to the merits of defendant's assertions, we agree with defendant that the trial court committed plain error in imposing restitution under the circumstances of this case. *See* ORAP 5.45(1).[1] Accordingly, we remand for resentencing and otherwise affirm.

The background facts are undisputed. Defendant was a heavy equipment operator on a highway project, and the victim was his site supervisor on that project. Defendant threatened to kill the victim if he told an officer of their company about a verbal exchange that had just occurred between defendant and the victim. The victim then instructed defendant to leave the job site and turned off the machine defendant was operating. In response, defendant punched the victim in the face and threw him to the ground. The victim suffered injuries and received medical treatment.

We begin by considering whether, in light of the Supreme Court's decision in *Mullins*, defendant's supplemental notice of appeal in this case was timely. A number of

---

[1] Pursuant to ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record."

procedural facts, which were set forth in our earlier opinion in this case, are pertinent to this issue:

> "The trial court entered a judgment of conviction on December 10, 2009, that contained a monetary award of various costs and fees, none of which are at issue on appeal. Citing ORS 137.106, the judgment further provided that, as a condition of probation, defendant would be required to pay restitution in an amount 'to be determined.' Defendant timely appealed from that judgment. On February 24, 2010, the trial court entered a supplemental judgment imposing restitution. On July 14, 2010, defendant filed an amended notice of appeal from the February 24 judgment, asserting that, because appellate counsel became aware of the supplemental judgment on June 30, 2010, the notice of appeal was timely filed under ORS 138.071(4)."[2]

*State v. White*, 246 Or App 329, 331, 264 P3d 1291 (2011), *vac'd and rem'd*, 352 Or 665, 293 P3d 226 (2012). Defendant also asserted that neither he nor his trial counsel were aware of the entry of the supplemental judgment until they received copies attached to the amended notice of appeal filed by appellate counsel.

Although ordinarily a notice of appeal must be filed within 30 days after the entry of the judgment in the trial register, "ORS 138.071(4) sets out an exception to that rule." *Mullins*, 352 Or at 347. "That exception applies to appeals from certain corrected, modified, or supplemental judgments—including a supplemental judgment that determines the amount and terms of restitution ordered in a previous judgment * * *." *Id*. A notice of appeal under that section of the statute must be filed "not later than 30 days after the defendant receives notice that the judgment has been entered." ORS 138.071(4).

---

[2] ORS 138.071 provides, in part:

"(1) Except as provided in this section, a notice of appeal must be served and filed not later than 30 days after the judgment or order appealed from was entered in the register.

"* * * * *

"(4) If the trial court entered a corrected or supplemental judgment under ORS 138.083, a notice of appeal from the corrected or supplemental judgment must be filed not later than 30 days after the defendant receives notice that the judgment has been entered."

In *Mullins*, the court considered when a notice of appeal under ORS 138.071(4) will be considered timely. According to the court, "the statutory text of ORS 138.071(4) plainly contemplates a defendant's receipt of actual notice of entry of a supplemental judgment under ORS 138.083." 352 Or at 349. Furthermore, "a defendant is not deemed to receive * * * notice by virtue of its entry and is not independently obligated to determine the date or fact of entry of a supplemental judgment under ORS 138.083 to preserve the time for appeal." *Id.* at 350. The court also observed that, "when the legislature based the time to appeal a supplemental judgment under ORS 138.083 on the date that '*the defendant* receives notice that the judgment has been entered,' ORS 138.071(1) (emphasis added), it intended to include notice received by defense counsel, if the defendant is represented." *Id.* at 353. Ultimately, the court concluded that the time for filing a notice of appeal begins to run upon actual notice of entry of judgment to "'the defendant,' which * * * may include both a criminal defendant's trial and appellate counsel, each of whom acts as an agent for the defendant in the court of the proceeding for which that counsel is appointed or retained." *Id.* at 362. Thus, in that case, because the defendant's trial counsel had received notice of the entry of the supplemental judgment at a time when that attorney continued to be counsel of record, the "30-day appeal period began to run as of the date of trial counsel's receipt of that notice." *Id.*

In this case, in contrast to *Mullins*, there is no indication that defendant or his trial counsel ever received notice that the supplemental judgment had been entered. Appellate counsel became aware of the entry of the supplemental judgment on June 30, 2010, and filed the notice of appeal within 30 days of that date. As noted in *Mullins*, actual notice of entry of a supplemental judgment is required to begin the 30-day appeal period under ORS 138.071(4), and there is no requirement that a defendant independently attempt to determine whether a supplemental judgment has been entered. Under the statute, in the circumstances here, the time for the filing of a notice of appeal did not begin to run until defendant's appellate counsel became aware of entry of the supplemental judgment on June 30, 2010.

Accordingly, the appeal from the supplemental judgment was timely.

Turning next to the merits of defendant's contention on appeal, he asserts that the trial court committed plain error in imposing restitution. Defendant, who, as noted, was convicted of fourth-degree assault and harassment, points out that the state "failed to present any evidence of the amount of restitution prior to or at sentencing" and asserts that, accordingly, under ORS 137.106, the trial court "was not authorized to order restitution."

In response to defendant's contention, the state first asserts that, because defendant failed to "exercise his right to a hearing under ORS 137.106(5), he waived his right to contest the court's restitution order" and, therefore, his assignment of error is unreviewable. (Boldface omitted.) We considered and rejected that assertion in *State v. Gruver*, 247 Or App 8, 268 P3d 760 (2011). There, we held that "nothing in the text, context, or legislative history of either the earlier version of ORS 137.106 or the current version of that statute supports the conclusion that a defendant's failure to request a hearing precludes appellate review of a restitution award for asserted plain error." 247 Or App at 16. Accordingly, we concluded that a defendant's plain error challenge to a restitution award is reviewable on appeal. *Id.* In view of our holding in that case, we reject the state's assertion on that point.

The state also asserts that the claimed error is not apparent on the face of the record or, alternatively, that we should not exercise our discretion to review the asserted error. We disagree with the state on both of those points. In *State v. McLaughlin*, 243 Or App 214, 219, 258 P3d 1241, *adh'd to on recons*, 247 Or App 334, 269 P3d 104 (2011), *rev allowed*, 352 Or 564 (2012), we held that, for a court to order restitution, evidence of the nature and amount of damages must be presented prior to the time of sentencing. Furthermore, in *Gruver*, we observed that "the imposition of a particular amount of restitution in the absence of *any* evidence in the record to support such an award can constitute 'plain error.'" 247 Or App at 17 (emphasis in original). Indeed, in *State v. Martinez*, 250 Or App 342, 280

P3d 399 (2012), we concluded that the court's restitution award was plain error in the absence of evidence in the record to support a portion of that award. Thus, we readily conclude that the trial court plainly erred in this case when it entered the supplemental judgment imposing restitution in the absence of any evidence in support of the restitution award.

We also conclude that it is appropriate to exercise our discretion to correct the error. *See Ailes v. Portland Meadows*, 312 Or 376, 381-82, 823 P2d 956 (1991). In view of the amount of restitution and the interests of justice, which weigh against requiring defendant to pay an obligation that is not supported by the record, we conclude that it is appropriate to remand the case for resentencing. *See Martinez*, 250 Or App at 344 (exercising discretion to correct an unpreserved error in awarding $273 of restitution).

Remanded for resentencing; otherwise affirmed.