Submitted August 27, remanded for resentencing; otherwise affirmed
September 30, 2015

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAROLD LEE MORGAN,
*Defendant-Appellant.*

Washington County Circuit Court
C122094CR; A155373

359 P3d 1242

Peter Gartlan, Chief Defender, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.

GARRETT, J.

## GARRETT, J.

Defendant appeals a judgment of conviction for first-degree theft, ORS 164.055; second-degree theft, ORS 164.045; unlawful transportation of metal property, ORS 164.857; and second-degree criminal trespass, ORS 164.245. He assigns error to the trial court's imposition of restitution in the amount of $3,084, arguing that the record lacks evidence to support that restitution award.[1] Defendant acknowledges that his assignment of error is unpreserved but requests that we review it as plain error. We agree with defendant that the trial court plainly erred and exercise our discretion to remand for resentencing.

The relevant facts are undisputed. A plant nursery employee caught defendant trespassing and loading metal sprinklers into his van. At the employee's request, defendant removed the sprinklers from his van and gave them back. Defendant then provided the employee with his name and contact information, which was turned over to the police. Further investigation revealed that, a day earlier, defendant had stolen 860 pounds of metal sprinklers from the nursery and sold them to a scrap metal business for $86. The nursery was able to recover some, but not all, of the sprinklers. Following a jury trial, defendant was convicted and sentenced. At issue on appeal is the trial court's order that defendant pay $3,084 in restitution.

At defendant's sentencing hearing, the state sought restitution in the amount of $3,000 to the nursery and $84 to the scrap metal business. The state relied on the nursery owner's testimony at trial, appraising each of the sprinklers at "approximately $10" and estimating the total value of the sprinklers that defendant stole to be "over $1,000." The state explained that the nursery had originally requested restitution in the amount of $7,000, but that the amount was reduced to reflect "the figures that were testified to during trial." The record is silent, however, both as to why the nursery initially sought $7,000 in restitution, and as

---

[1] Defendant also assigns error to the trial court's entry of written judgment denying his access to certain alternative incarceration programs. In light of an amended judgment entered by the trial court, that assignment of error is moot.

to why the state's modified figure was $3,000, rather than $1,000—the only amount offered as an estimate of the value of the stolen property. The state also requested $84 in restitution to compensate the scrap metal business for its loss upon returning some of the sprinklers to the nursery. The trial court then imposed sentence, including the full restitution amount requested by the state. The record contains no explanation from the trial court regarding the factual basis for the $3,000 figure awarded as restitution to the nursery.

On appeal, defendant asserts that the trial court committed plain error by ordering him to pay a restitution award that is not supported by the evidence, contrary to the requirements set out in ORS 137.106(1). Defendant points out that, according to the record at trial, the nursery suffered "over $1,000" in damages, minus the value of the property that it was able to recover. The state argues that any error with respect to defendant's restitution award is not plain on the face of the record, and that, even if it is plain error, we should decline to exercise our discretion to correct it.

When a person is convicted of a crime that results in economic damages, ORS 137.106(1)(a) authorizes a trial court to impose restitution "in a specific amount that equals the full amount of the victim's economic damages as determined by the court." For the purposes of that statute, "economic damages" include "objectively verifiable monetary losses including but not limited to * * * reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less." ORS 31.710(2)(a).

We may consider an unpreserved error if (1) it is an error "of law," (2) it is "apparent," meaning it is obvious and not reasonably in dispute, and (3) it appears "on the face of the record," meaning that the court "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Even if the criteria for plain error are met, we may still decline to exercise our discretion to correct such an error due to the strong policy reasons behind preservation. *Ailes v. Portland*

*Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Factors that we consider in deciding whether to exercise that discretion include "the competing interests of the parties; * * * the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.* at 382 n 6.

Whether a trial court complied with the requirements for awarding restitution set out in ORS 137.106 is a question of law. *State v. Harrington*, 229 Or App 473, 476, 211 P3d 972, *rev den*, 347 Or 365 (2009). In this case, the determination of whether the trial court observed those requirements is apparent on the face of the record and not reasonably subject to dispute. *See id.*

As we understand it, the state does not argue that the evidence presented at trial actually accounts for the $3,000 calculation. Instead, the state contends that "some evidence" as to the nature and amount of economic damage caused by defendant was presented at trial, and, therefore, the trial court did not plainly err in imposing the restitution award. The state relies primarily on our decision in *State v. Gruver*, 247 Or App 8, 268 P3d 760 (2011), in which we held that, where the state presented owner's testimony of the value of stolen jewelry and the cost of repairs attributable to defendant's conduct, and the defendant did not raise any objection, the trial court did not plainly err in awarding the requested restitution amount. In *Gruver*, the defendant argued for the first time on appeal that the record failed to establish "the victim's entitlement to restitution in *any* amount." *Id.* at 17 (emphasis in original). We disagreed, explaining that, where "the prosecutor adduced some 'evidence of the nature and amount of the damages'" the trial court did not plainly err in awarding that amount. *Id.* at 18. Stated another way, *Gruver* stands for the proposition that, where the state presents "some evidence to support restitution *of a particular amount*" and the defendant fails to object, the trial court does not plainly err by imposing restitution in that amount. *State v. West*, 249 Or App 257, 258, 274 P3d 892 (2012) (emphasis added) (so construing *Gruver*).

In this case, although the state offered "some evidence" of damages to the nursery, that evidence cannot rationally support the "particular amount" of restitution that the trial court ordered. The record is devoid of any factual basis for either the original request of $7,000 or the reduced figure of $3,000. The only specific dollar figure mentioned at trial was $1,000, and, although the nursery owner testified that the value of the stolen sprinklers was "over $1,000," there was no further evidence that would help the factfinder understand *what* amount over $1,000, whether it be $1,100 or $7,000, was a more accurate valuation.[2] Under those circumstances, no rational factfinder could find that the nursery's "reasonable and necessarily incurred" costs stemming from defendant's theft amount to $3,000. Accordingly, the trial court plainly erred in ordering restitution in that amount.[3]

We have previously exercised our discretion to correct plain error in circumstances where it results in a restitution award unsupported by evidence in the record. *See Harrington*, 229 Or App at 477-78 (exercising discretion to invalidate an award of restitution where the state failed to establish the value of the victim's loss); *State v. White*, 255 Or App 560, 566, 298 P3d 50 (2013) (exercising discretion to correct plain error in sentencing because the interests of justice weigh against requiring a defendant to pay an obligation unsupported by the record); *State v. Neese*, 229 Or App 182, 186, 210 P3d 933 (2009), *rev den*, 347 Or 718 (2010) (concluding that exercise of discretion is appropriate due to a lack of evidence to support a substantial compensatory fine); *see also Gruver*, 247 Or App at 18 (acknowledging that, "there may be circumstances in which, due to plain error, reversal is warranted due to a total lack of evidence to support a restitution award"). Moreover, in *State v. Martinez*, 250 Or App 342, 280 P3d 399 (2012), we held that the trial

---

[2] Again, it is material to our analysis that the state does not appear to argue that the evidence in the record can rationally lead to a conclusion that the nursery incurred $3,000 in damages. Rather, we understand the state to be arguing, in effect, that any evidence of value is sufficient to support an award of any value, and it is that contention which we reject.

[3] Because any error with respect to the award of $84 to the scrap metal business is not apparent on the face of the record, the trial court did not plainly err as to that portion of the restitution award.

court committed plain error when it awarded a restitution award that was *partially* unsupported by the record. There, we exercised our discretion to correct an error awarding $273 to a victim's insurance company based on a lack of evidence in the record to support such an award. Although that error concerned only a small portion of the entire restitution award, we held that "the interests of justice militate against requiring a defendant to pay an obligation that is totally unsubstantiated by the record." *Id.* at 344. In our case, given the substantial amount of restitution awarded and because the interests of justice weigh against requiring a defendant to pay an obligation that is unsubstantiated by the record, we choose to exercise our discretion to correct the error in sentencing.

The state argues that exercising our discretion here would be inconsistent with the policies behind preservation because, if defendant had objected below, the state could have developed a more detailed record to support the trial court's restitution award. The likelihood that a different record might have developed below usually counsels against exercising our discretion under *Ailes.* In this case, however, that likelihood appears to be minimal. The state adduced specific evidence of the amount of the nursery's loss, in the form of testimony from the owner. There is no reason to think, and the state offers none, that the lack of objection by defendant undermined the accuracy of the nursery owner's own estimate.

For the foregoing reasons, we conclude that the trial court plainly erred in its award of restitution and we exercise our discretion to correct that error. Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.