Submitted September 16; remanded for resentencing, otherwise affirmed
October 19; petition for review denied December 22, 2016 (360 Or 751)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GINA LYNN KELLER,
*Defendant-Appellant.*

Klamath County Circuit Court
1400976CR; A158922

383 P3d 994

Ernest G. Lannet, Chief Defender, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for unlawfully disposing of food stamp benefits, ORS 411.840, a Class C felony, and theft in the second degree, ORS 164.045, a misdemeanor. She asserts four assignments of error; we reject the first two, which challenge the trial court's denial of her motions for judgments of acquittal, without discussion and write only to discuss defendant's third and fourth assignments of error. In those assignments, defendant contends that the trial court erred in imposing (1) $818.53 in restitution and (2) a lifetime suspension of defendant's SNAP/food-stamp benefits[1] as a condition of her probation. The state concedes the errors; we agree and accept the state's concession.

As the state acknowledges, the evidence in the record supports a restitution award of only $150.77; however, the trial court imposed $818.53 in restitution. That was error. ORS 137.106 (requiring court to impose amount of restitution equal to the full amount of victim's economic damages as found by court from evidence presented by district attorney); *State v. Harrington*, 229 Or App 473, 477, 211 P3d 972, *rev den*, 347 Or 365 (2009) (absence of evidence supporting amount of restitution is legal error). Moreover, because the court's imposition of a lifetime suspension of defendant's food-stamp benefits was likewise based on its erroneous determination of the amount of benefits that defendant unlawfully disposed of, the court also erred in imposing that condition. *See* OAR 461-195-0621(4)(e) (individual convicted of trafficking benefits for value of $500 or more is permanently disqualified from participation in SNAP program). Accordingly, we remand for resentencing, ORS 138.222(5)(a), but otherwise affirm.[2]

Remanded for resentencing; otherwise affirmed.

---

[1] SNAP is an acronym for the Supplemental Nutritional Assistance Program.

[2] ORS 138.222(5)(a) provides, as relevant, "[i]f the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."