PER CURIAM
*782 Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160, and harassment, ORS 166.065. Included in his sentence for those convictions was a restitution order to pay $150.44 to AllCare Health Systems. On appeal, defendant raises two assignments of error. We reject defendant's first assignment without written discussion and write only to address his second assignment. As to that second *539 assignment or error, defendant asserts that the trial court plainly erred when it imposed restitution in the amount of $150.44. We agree and therefore remand for resentencing.
The court imposed the restitution award under ORS 137.106[1] based on the "Restitution Information" sheet submitted by the state that identified AllCare Health [Systems] as a victim and that stated the reason for restitution as "Medical benefits paid." ORS 137.106 has three prerequisites to a restitution order: "(1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." State v. Pumphrey , 266 Or. App. 729, 733, 338 P.3d 819 (2014), rev. den. , 357 Or 112, 346 P.3d 1212 (2015). The state must also establish that medical expenses are reasonable. State v. McClelland , 278 Or. App. 138, 143-44, 372 P.3d 614, rev. den. , 360 Or 423, 383 P.3d 862 (2016). Defendant argues that the state failed to establish that AllCare Health Systems was a victim entitled to economic damages because the state failed to provide any evidence that AllCare Health Systems was an insurance carrier that expended money on behalf of the assault and harassment victim, or that, if it was, the $150.44 expenditure was reasonable.
The state concedes that the court plainly erred in imposing restitution, and we agree. See *783 State v. Martinez , 250 Or. App. 342, 344, 280 P.3d 399 (2012) (the trial court's inclusion of $273 to Care Oregon in the restitution award was plain error because "the record was devoid of any evidence from which the court could find that defendant's criminal conduct resulted in economic damages"). We accept the state's concession.
We also exercise our discretion to correct the error for the same reasons we expressed in Martinez . Id . at 344, 280 P.3d 399 ("The amount of restitution is not insubstantial given defendant's circumstances; moreover, the interests of justice militate against requiring a defendant to pay an obligation that is totally unsubstantiated by the record."). Consequently, we remand for resentencing.
Remanded for resentencing; otherwise affirmed.

ORS 137.106(1) provides, in part:
"When a person is convicted of a crime *** that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. *** If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."