Submitted on record and briefs August 27, reversed and remanded October 6, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## PAULA DIANNE BIERSTOCK,
*Appellant.*

802526; A121459

98 P3d 771

Edmund J. Spinney submitted the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, submitted the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals, challenging the denial of her motion pursuant to ORS 137.225 to set aside her 1980 conviction for misdemeanor assault in the fourth degree. ORS 163.160.[1] She contends that the trial court erred in determining that she was not entitled to such relief because she had multiple prior convictions, notwithstanding that she had not been convicted of any crime within the 10-year period preceding the filing of her motion. We agree with defendant that the trial court so erred. Accordingly, we reverse and remand for further proceedings.

The material facts are undisputed for purposes of this appeal. Defendant was convicted in December 1980 of misdemeanor fourth-degree assault and was also convicted, at about the same time, of driving under the influence of intoxicants (DUII), ORS 813.010. On January 20, 2003, defendant moved to set aside her fourth-degree assault conviction pursuant to ORS 137.225. That statute provides, in part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction[.]

"* * * * *

"(5)   The provisions of subsection (1)(a) of this section apply to a conviction of:

"* * * * *

"(d)   A misdemeanor, including a violation of a municipal ordinance, for which a jail sentence may be imposed, except for endangering the welfare of a minor under ORS 163.575(1)(a) when it would constitute child abuse, as defined in ORS 419B.005, or any sex crime.

---

[1] A judgment denying a motion pursuant to ORS 137.225 to set aside a conviction is appealable under ORS 19.205(4) (2001) as an appeal from a "special statutory proceeding." *State v. K. P.*, 324 Or 1, 6, 921 P2d 380 (1996).

"* * * * *

"(6)  Notwithstanding subsection (5) of this section, the provisions of subsection (1) of this section do not apply to:

"* * * * *

"(b)  *A person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, excluding motor vehicle violations, whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside.* Notwithstanding subsection (1) of this section, a conviction which has been set aside under this section shall be considered for the purpose of determining whether this paragraph is applicable[.]"

(Emphasis added.) As of January 2003, defendant had not had any involvement with the criminal justice system for at least 20 years.

■      The state filed a written objection to the motion to set aside, asserting that, "in order to set aside a conviction under ORS 137.225(1), the defendant may not have multiple criminal convictions." At the oral argument on defendant's motion, the prosecutor reiterated that position. Notwithstanding defendant's argument to the contrary, the trial court accepted the state's argument and denied relief:

"Your motion will be denied. I think that * * * clearly, from the record, * * * [defendant] * * * would be entitled to an expunction but for the fact the statute says * * * a singular conviction and she had an episode of a DUII in case number 802523 and Assault IV in 802526. Those two preclude expunction in my reading of the statute and the cases and I'll deny it. Otherwise, I would have granted it."

On appeal, defendant argues that nothing in ORS 137.225 precludes relief merely on the ground that a defendant had multiple convictions, regardless of when, relative to the motion, those convictions occurred. Rather, defendant points out, ORS 137.225(6)(b) limits the court's consideration to other convictions occurring "within the 10-year period immediately preceding the filing of the motion." The state now concurs in that analysis and concedes error. We accept

that concession of error as well taken, given the plain language of the statute.

The only remaining question is the scope of remand. The state asserts that, while "[i]n most circumstances, the appropriate remedy would be to remand this case to the trial court for application of the correct interpretation of the statute[,]" given the trial court's remarks quoted immediately above, we should simply remand with directions for the court to set aside the fourth-degree assault conviction. Defendant, not surprisingly, concurs.

■ We decline the parties' invitation. Just as we are not bound by a concession of error as to the merits, *see State v. Jones*, 129 Or App 413, 419-21, 879 P2d 881 (1994) (Haselton, J., concurring), we must make an independent determination as to the appropriate disposition. ORS 137.225(3) gives a court significant discretion in determining whether to set aside a conviction. Here, the trial court's remarks might well be indicative of how it will rule on remand. Nevertheless, as a prudential matter, we decline to tie the trial court's hands and dictate a particular result.

Reversed and remanded.