Submitted February 28, affirmed March 23, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALONZO DELAUNO MASHADDA,
aka Alonzo Delanno Mashadda,
aka Rameal Leon Stroud,
*Defendant-Appellant.*

Washington County Circuit Court
18CR85602; A174737

508 P3d 81

Defendant appeals from a supplemental judgment in which the trial court imposed $3,920.36 in restitution. Defendant argues that the trial court plainly erred in awarding that amount, because the record does not support the specific amount of restitution ordered. *Held*: The trial court did not plainly err in imposing the challenged amount of restitution where there was evidence in the record to support such an award.

Affirmed.

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a supplemental judgment in which the trial court imposed $3,920.36 in restitution. Although he did not raise this issue below, he asks us to conclude that the trial court plainly erred in awarding that amount, because the record does not support the specific amount of restitution ordered. For the reasons below, we affirm the decision of the trial court.

In 2019, defendant entered into a global plea agreement to resolve several pending cases. For purposes of this appeal, the relevant portion of the plea agreement stated: "Restitution [to be determined] for victim of 19CR19483." In that referenced case, which was dismissed as part of the global agreement, defendant was charged with harassment based on allegations that he struck the victim in the face with his backpack while both of them were riding a MAX train.

The trial court later held a contested restitution hearing at which the state introduced evidence from the victim and from a representative of the victim's insurance company. The victim testified about the incident and his understanding of his medical expenses and lost wages. The insurance company representative testified about the medical payments made on the victim's behalf and on what his out-of-pocket expenses were. The state also introduced documentary evidence about the victim's lost wages and out-of-pocket medical costs, and the amount that the insurance company had paid on the victim's behalf. Defendant testified on his own behalf, in support of his theory that his backpack hit the victim by accident on a crowded MAX train, and that the injuries for which the victim was treated occurred during a later altercation in which the victim had been the initial aggressor. As a result, defendant argued, he should not be held responsible for the victim's medical bills and lost wages.

The trial court rejected defendant's theory and determined that he owed the victim restitution. It awarded the amounts that the state had requested, which were "$1,041.69 payable to Anthem Blue Cross as their subrogation amounts. Then to [the victim] the amount of $2,878.67

which [includes] both his lost wages, as testified to, and also his deductible of $1,966.18 and $370.09." The total was $3,920.36. Defendant did not object to the amount of restitution. This appeal followed.

On appeal, defendant admits that his assignment of error is unpreserved, but he argues that the trial court plainly erred in reaching its restitution amount. According to defendant, the evidence before the trial court did not allow a finding that $3,920.36 was a correct restitution amount. In support of his argument, defendant cites the victim's testimony in which he stated that his out-of-pocket medical expenses were only $1,105.42, a discrepancy between the victim's testimony about his lost wages and the claimed amount, and indications that the victim never paid an ambulance bill. Defendant relies on *State v. Morgan*, 274 Or App 161, 165-66, 359 P3d 1242 (2015), in which we reversed an award of restitution as plain error because the record below did not include evidence from which the trial court could have determined the particular amount it awarded.

The state responds that the error is not plain both because there is some evidence in the record to support the trial court's decision and because resolution of the issue would require us to make a determination between competing factual inferences. We agree with the state.

When an issue is not preserved below, the appellant can nonetheless ask us to review for "plain error." ORAP 5.45(1), (4)(b), (7). Plain-error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

Recognizing that his claim was unpreserved below, defendant requested that we review for plain error. In this case we begin and end with the first step of the plain-error analysis. We do not reach the second step because resolution of the issue would require us to make a decision about

competing factual inferences in the record. Here, the victim did testify about medical expenses that differed from those reflected in the billing statements from the hospital and the insurance company. However, in addition to those billing statements, the state also introduced testimony from the insurance representative about the loss amounts. Determining whether the trial court erred would require us to decide whether more weight should have been given to the victim's testimony, or the insurance representative's testimony, and the respective weight to give the documentary evidence. If we have to engage in that kind of analysis to reach a decision, the alleged error is not plain.

In addition, the trial court's award of $3,920.36 is supported by evidence in the record, specifically the billing records and the insurance agent's testimony. "[W]here the prosecutor presents some evidence to support restitution of a particular amount, and the defendant does not raise an objection to the amount of restitution pursuant to ORS 137.106(5), the trial court does not plainly err in imposing restitution in that amount." *State v. West*, 249 Or App 257, 258, 274 P3d 892 (2012) (summarizing *State v. Gruver*, 247 Or App 8, 17, 268 P3d 760 (2011)). The fact that the record in this case contains the required evidence distinguishes this case from *Morgan*, in which the factual record contained *no* evidence to support the specific amount of restitution ordered by the trial court.

In sum, the error in this case is not plain, and review is unavailable. We affirm the decision of the trial court.

Affirmed.