No. 920     December 26, 2024     1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. A.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

S. A.,
*Appellant.*

Multnomah County Circuit Court
23CC06068; A182717

Michael J. Riedel, Judge pro tempore.

Submitted November 8, 2024.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Appellant appeals from a judgment committing her to the custody of the Mental Health Division of the Oregon Health Authority for a period not to exceed 180 days. She assigns error to the trial court's decision to proceed with the civil commitment hearing on a citation that, in appellant's view, did not comply with ORS 426.090. The assignment of error is not preserved, making our review one for plain error. An error is plain if it is "an error of law, obvious and not reasonably in dispute, and apparent on the face of the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Seeing no plain error, we affirm.

Appellant first contends that the citation did not comply with ORS 426.090's requirement that it "stat[e] the nature of the information filed concerning [appellant] and the specific reasons the person is believed to be a person with a mental illness." ORS 426.090. But the citation recites that "[t]he nature of the information filed concerning you and the specific reasons you are believed to be mentally ill are described in a copy of the notice of mental illness, attached hereto and by this reference made a part hereof," and appellant does not argue that the state failed to attach the notice of mental illness, or that the information contained in the notice failed to satisfy ORS 426.090.[1] It is not obvious that the state's incorporation-by-reference approach fails to satisfy ORS 426.090. The trial court therefore did not plainly err by proceeding on a citation that supplied appellant with "the nature of the information" about her and the "specific reasons" that she was "believed to be mentally ill" by attaching a document and incorporating by reference the information contained in it.

Appellant next notes that the citation as prepared specified the wrong date for the hearing, an error that was corrected in handwriting by an unknown person on the citation served on appellant. Although the court's order for the

---

[1] In fact, the record contains a return of service that affirmatively represents that appellant was served with the notice along with the citation and other documents, including the investigation report that supplied even more information about the reasons appellant was believed to be a person with a mental illness.

citation specified that the hearing would be held on October 9, 2023, the citation, as printed, specified October 7, 2023, as the hearing date. Appellant asserts that the trial court erred in proceeding on a citation that had been corrected in that manner. Appellant does not, however, dispute that she was served with the corrected citation, or that the citation, as corrected, accurately informed her "of the time and place of the commitment hearing" as required by ORS 426.090, and it is not obvious that ORS 426.090 prohibits handwritten corrections of a citation to conform it to the court's order for the citation. Under those circumstances, the trial court did not plainly err by proceeding on a citation that had been corrected by hand to conform the hearing date to the date specified in the court's order for the citation.

Finally, appellant asserts that, in view of the handwritten correction to the citation that she received, the citation did not satisfy ORS 426.090's requirement of service of a "duly certified copy of the original" citation issued by the court. Pointing again to the fact that the original citation had the wrong date, she argues that she necessarily did not receive a "duly certified copy" of the original, making it plain error for the trial court to proceed. We acknowledge that the copy of the citation that appellant received may not have been a "duly certified copy" of the original, in view of the correction that was made to it. Nevertheless, in contrast with the core due-process procedural right to timely and adequate prehearing notice, "not all of the procedures and processes specified in ORS chapter 426 give rise to procedural *rights*, or protect existing constitutional rights, or at least it is not obvious that they do." *State v. B. L. W.*, 335 Or App 639, 640 n 2, ___ P3d ___ (2024) (emphasis in original). It is not obvious to us that ORS 426.090's "duly certified" requirement creates or implements a core procedural right, such that it is plainly erroneous for a trial court to proceed on a citation that otherwise satisfies the requirements of ORS 426.090, or, at least, does not depart from them in any obvious way.

Affirmed.