192 January 2, 2025 No. 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. S.,
*Appellant.*

Clackamas County Circuit Court
23CC07654; A183329

Colleen F. Gilmartin, Judge.

Submitted November 18, 2024.

Christopher J. O'Connor and Multnomah Defenders, Inc.,
filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Patrick M. Ebbett, Assistant Attorney
General, filed the brief for respondent.

Before Hellman, Presiding Judge, Lagesen, Chief Judge,
and Mooney, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Appellant appeals a judgment committing her to the custody of the Mental Health Division of the Oregon Health Authority for a period not to exceed 180 days. She contends that the trial court plainly erred in three procedural respects. We affirm.

Appellant first contends that the trial court plainly erred in proceeding on a citation that did not, on its face, "stat[e] the nature of the information filed concerning [appellant] and the specific reasons [appellant] is believed to be a person with a mental illness." ORS 426.090. The citation, however, attached and incorporated by reference the investigation report, which did contain the required information and reasons, and we have held that it is not plain error for a court to proceed on a citation that takes that type of incorporation-by-reference approach. *State v. S. A.*, 337 Or App 1, ___ P3d ___ (2024).

Appellant next contends that the trial court plainly erred in proceeding on a citation that did not specify that the right to appointment of counsel may be invoked "immediately." ORS 426.090 (specifying that when a person cannot afford counsel, they have the right "to have legal counsel immediately appointed"). Even if it could be plain error to proceed on a citation that fails to inform a person of that temporal component of the right to counsel, we would not (and do not) exercise our discretion to correct the error because any error was not grave. That is because the record demonstrates that the court appointed counsel for appellant before it issued the citation, thereby ensuring that appellant's right to the immediate appointment of counsel was fully protected. In other words, under these circumstances, the failure to describe in the citation the immediate nature of the right to the appointment of counsel did not result in any delay in the appointment of counsel.

In her final argument, appellant observes that the citation was served at 5:15 p.m. on December 27, 2023, and that the hearing commenced at 8:48 a.m. on December 28, 2023. From those observations, she argues that it is plain that the trial court erroneously proceeded with the hearing

without affording petitioner the "opportunity to consult with legal counsel prior to being brought before the court," as required by ORS 426.090. We disagree. The record reflects that counsel was appointed nearly a full day before the hearing—at 10:27 a.m. on December 27—and there is no affirmative indication on the face of the record that appellant was not given an opportunity to consult with counsel during that period. To the extent appellant's arguments imply that the opportunity for consultation must occur *after* the service of the citation, even if, as here, counsel is appointed before the service of the citation, ORS 426.090 does not plainly require counsel to wait for the service of the citation to consult with a client they have been appointed to represent.

Affirmed.