362              January 8, 2025              No. 29

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. K. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

E. K. C.,
*Appellant.*

Lane County Circuit Court
24CC00993; A183793

Michelle P. Bassi, Judge.

Argued and submitted December 4, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Appellant appeals a judgment of civil commitment. In a single unpreserved claim of error, she argues that the trial court violated her due process rights by proceeding with the case and committing her despite her "never having been properly served with a statutorily compliant citation." Appellant asserts that the citation failed to state the specific reasons that she was believed to be a person with mental illness and that the service copy was not a duly certified copy. For the following reasons, we affirm.

Appellant was placed on an emergency physician's hold on February 14. A precommitment investigation report was filed on February 20. The next day, the trial court ordered the issuance of a citation. As relevant here, the citation stated, "The specific reasons you are believed to be mentally ill are set forth in the investigation report attached to this citation." The citation was served on appellant on the afternoon of February 21. According to the return of service, appellant was personally served with "a true copy of the REDACTED PRECOMMITMENT INVESTIGATION REPORT AND CITATION."[1] (Boldface omitted.) The case proceeded to hearing, and the trial court committed appellant based on her being a danger to others due to a mental disorder.

ORS 426.090 requires a citation to state "the specific reasons the person is believed to be a person with mental illness." In this case, as to the specific reasons, the citation referred appellant to the redacted precommitment investigation report that was incorporated by reference and, per the return of service, served with the citation.

Appellant first argues that the citation was "incomplete" because the specific reasons needed to be stated in the citation itself, rather than being incorporated by reference. That argument is foreclosed by our recent decisions in *State v. D. S.*, 337 Or App 192, 194, ___ P3d ___ (2025) (holding that it was not plain error to proceed on a citation that "attached and incorporated by reference the investigation

---

[1] The precommitment investigation report itself is five pages, and there are 41 pages of attached supporting documentation, such as medical records. It is unknown who made the redactions or what instructions that person was given, although it appears that the redactions were possibly intended to remove hearsay.

report, which did contain the required information and reasons"), and *State v. S. A.*, 337 Or App 1, 3 & n 1, ___ P3d ___ (2024) (holding that it was not plain error to proceed on a citation that attached and incorporated by reference the notice of mental illness, which was served along with other documents, "including the investigation report that supplied even more information about the reasons appellant was believed to be a person with mental illness").

Appellant next argues that "[e]ven if the reference to an attached report is sufficient, the attached report itself was heavily redacted and thus does not constitute proper notice" because "key information is missing." Conversely, at oral argument, appellant suggested that there was *too much* information in the report, such that the report was not "specific," and that a more concise statement of specific reasons was required. Neither argument persuades us. It is not obvious or beyond reasonable dispute that ORS 426.090 requires a particular quantum of information regarding the specific reasons that a person is believed to have mental illness, such that the citation is invalid if it provides "too much" information on the specific reasons. Nor is it apparent why the court cannot provide a redacted copy of a report, versus copying over the unredacted portions into the citation or into a different attachment. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, is obvious and not reasonably in dispute, and is apparent on the record without our having to choose among competing inferences).

We are unpersuaded that the report incorporated by reference into the citation failed to provide the specific reasons that appellant was believed to be a person with mental illness, as required by ORS 426.090, or at least it is not obvious and beyond reasonable dispute that the citation was deficient in that regard.[2]

Appellant also raises a service issue. ORS 426.090 requires a citation to "be served upon the person by delivering

---

[2] To the extent that appellant's arguments may rest in part on questions of first impression as to exactly what ORS 426.090 requires, we are limited in our ability to address those questions, both because we are reviewing only for plain error and because the parties have not developed any statutory construction arguments.

a duly certified copy of the original thereof to the person in person prior to the hearing." Appellant contends that an "uncertified copy" was served on her. That contention appears to hinge entirely on the proof of service referring to service of a "true copy" of the citation and report, rather than a "duly certified copy." Appellant does not explain what she understands to be the difference between a "true copy" and a "duly certified copy," and we agree with the state that it is not apparent on the face of the record that appellant was *not* served with a duly certified copy.

Furthermore, we recently held in *S. A.* that it is not obvious that the requirement to serve a duly certified copy of the citation "creates or implements a core procedural right" and that it therefore was not plain error to proceed on a citation where the copy that was served on the appellant had a handwritten correction to the hearing date that called into question whether it constituted a duly certified copy. *S. A.*, 337 Or App at 4. For both reasons, we reject appellant's "duly certified copy" argument.

Having concluded that the trial court did not commit a "plain" error by proceeding on the citation issued in this case, we have no occasion to reach the discretionary prong of plain-error review. "Plain error review is a two-step process." *State v. Mashadda*, 318 Or App 542, 544, 508 P3d 81 (2022); *see also State v. Ortiz*, 372 Or 658, 665, 554 P3d 796 (2024) (recognizing same). "We must first determine that the error is plain, which means that it is an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Mashadda*, 318 Or App at 544 (internal quotation marks omitted). "Whether an error constitutes a plain error is a question of law[.]" *State v. Wiltse*, 373 Or 1, 10, 559 P3d 380 (2024). Only if the error legally qualifies as plain do we proceed to the second step of determining whether to exercise our discretion to correct it. *Ortiz*, 372 Or at 665; *Mashadda*, 318 Or App at 544.

Appellant contends that under *State v. T. C.*, 327 Or App 558, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024), there is an "exception" to plain-error review for civil commitment cases. She appears to read *T. C.* to mean that alleged

errors in civil commitment cases are not held to the same requirements as other cases with respect to the first-step determination of whether an error is "plain." We disagree with that reading. In *T. C.*, there was no question that the trial court had plainly erred in failing to serve the citation on the appellant. *Id.* at 561 (discussing the state's concession that "the trial court erred by proceeding with the hearing where, as here, appellant was not personally served with the citation"). The issue in dispute was whether that plain error was harmless. *See id.* (so framing the issue); *id.* at 562-71 (analyzing harmlessness). We concluded that it was not harmless, then exercised our discretion to correct it, citing, among other things, the nature of civil commitment proceedings and the gravity of the error. *Id.* at 571.

In a dissenting opinion, Judge Pagán took the view that the plain error in *T. C.* was either harmless or not so grave that we should exercise our discretion to correct it. *Id.* at 583 (Pagán, J., dissenting). He suggested that the majority's approach would result in too many plain-error reversals, citing *State v. Taylor*, 295 Or App 32, 36, 433 P3d 486 (2018), for the proposition that plain error review should be "the exception, not the rule." *Id.* The cited portion of *Taylor* explains that the discretionary step of plain-error review "acts as a baffle on free-wheeling consideration of plain error" and that "[t]he criteria we must apply ensures that review of plain error will be the exception, and not the rule." *Taylor*, 295 Or App at 36 (internal quotation marks omitted). Responding to the dissent, the *T. C.* majority agreed that plain-error reversal is an exception to the rule but pointed to a long line of case law in which "we have effectively treated civil commitment cases in which the state has failed to comply with mandatory procedural safeguards as an exception to the rule for a very long time now." *T. C.*, 327 Or App at 565.

To the extent appellant argues that the foregoing statement in *T. C.* means that the *Vanornum* requirements for determining whether an error is "plain" apply differently in civil commitment cases, we disagree. *T. C.* pertains to the second step of plain-error analysis (whether to reverse based on plain error), not the first step (whether a plain

error exists). The point of the "exception" statement in *T. C.* is not that the legal requirements for an error to be "plain" are somehow relaxed in civil commitment cases. Rather, the point of that statement is that we are much less reticent than usual to correct a plain error if it involves a civil commitment due process protection.

Accordingly, having concluded that the alleged error does not qualify as "plain," we must affirm.

Affirmed.