774 July 9, 2025 No. 618

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of V. L.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

V. L.,
*Appellant.*

Lane County Circuit Court
24CC05597; A185655

Debra E. Velure, Judge.

Submitted June 6, 2025.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant appeals from a judgment committing her to the Oregon Health Authority for up to 180 days on the basis that she is unable to provide for her basic needs. ORS 426.130(1)(a)(C) (authorizing commitment of a "person with mental illness"); ORS 426.005(1)(f)(B) (defining "[p]erson with mental illness" to include a person who is "[u]nable to provide for basic personal needs"). Appellant assigns three errors: (1) that the trial court erred in concluding that the state provided proper notice by attaching a copy of the investigative report to the citation rather than including the contents of the report in the citation itself; (2) that the trial court plainly erred in holding the hearing despite the fact that appellant did not receive the investigative report 24 hours before the hearing; and (3) that the trial court erred in determining that, at the time of the commitment hearing, she was a person with a mental illness that made her unable to provide for her own basic needs. For the reasons discussed below, we affirm.

Absent *de novo* review, which no party has requested, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted). We state the facts consistent with that standard.

The Lane County sheriff's office executed a writ of eviction to remove appellant from her assisted living facility. The sheriff's office requested a crisis team to assist due to reports that appellant was mentally ill, had not been taking care of herself and lacked resources or next of kin. When the team arrived, appellant was suffering from delusions that caused her to behave erratically and she immediately began screaming at the deputy before locking herself in the bathroom. She appeared to not have engaged in any personal hygiene for "months and months," causing her teeth to be rotting or missing altogether. Due to the delusions, the assisted living home staff reported that appellant had refused to consume any unsealed food or beverages and would throw

any other food outside her door. Appellant had eaten only yogurt for one to two years prior to her commitment.

Prior to her civil commitment hearing, appellant was served with a citation that incorporated by reference an attached investigative report. Appellant objected to that form of citation because the citation itself did not contain the reasons she was alleged to be mentally ill, ORS 426.090, but the trial court proceeded with the hearing and determined that appellant was unable to meet her basic needs for purposes of ORS 426.005(1)(f)(B).

In her first assignment of error, appellant renews the argument that the citation violated ORS 426.090 because the citation itself did not contain the reasons that appellant was believed to be a person with a mental illness. The state responds that the citation incorporated by reference an attached investigative report containing those reasons, which was sufficient to comply with the statute.

The question of whether the text of the citation must provide the reasons the person is alleged to be mentally ill presents an issue of statutory construction, which we review for legal error. *State v. A. B. K.*, 323 Or App 246, 247, 522 P3d 894 (2022). When construing a statute, we "begin with a review of the statute's text and context because they are the best evidence of the legislature's intent *** [and] consider relevant legislative history or statutory development, when helpful." *Progressive Universal Ins. Co. v. Voyles*, 337 Or App 381, 387, 563 P3d 371, *rev den*, 373 Or 736 (2025) (citation omitted).

ORS 426.090 sets forth the requirements for a civil commitment citation, including the requirement as to the reasons for the commitment:

> "The judge shall issue a citation to the person alleged to have a mental illness stating the nature of the information filed concerning the person and the specific reasons the person is believed to be a person with mental illness."

The plain text requires a judge to "issue a citation *** stating *** specific reasons." That text is unequivocal as to the content of the information provided—it must include the specific reasons a person is alleged to be mentally ill. The

text is silent, however, as to the specific *manner* in which the citation presents those reasons.

Nothing in the text suggests that there is some significance to positioning the reasons into the citation document itself rather than incorporating them by reference from an attachment to the citation. The legislature's focus on the *content* of the information provided is consistent with how our court has viewed those statutory procedural requirements. *See, e.g.*, *State v. T. C.*, 327 Or App 558, 562, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024) (explaining the purpose of ORS 426.090's requirements as meeting a due process principle of providing a person "fair notice of how and why their liberty may be taken away").

Additionally, that interpretation is consistent with the statute's legislative history. *See, e.g.*, Minutes, Senate Committee on Judiciary, SB 510, Apr 4, 1973 (noting that the requirement of the investigation report is to "assure that adequate information is available to the committing court before a commitment is made" and to "give the person adequate notice of the reasons for the proceeding"). Appellant offers no argument as to *why* the legislature would have intended to prevent an incorporation-by-reference approach. To the contrary, the purpose of the requirement is to provide a mentally ill person notice of the reasons that they are alleged to be mentally ill, and that purpose is met through incorporating by reference an attachment containing those reasons. *See* ORS 174.020(1)(a) (courts "shall pursue the intention of the legislature if possible"). Accordingly, we conclude that ORS 426.090 allows for a citation that incorporated by reference an attached investigation report.[1]

Appellant also raises two unpreserved arguments as to the contents of the citation and the timing of its delivery, which she requests we review for plain error. An error is plain if it is "an error of law, obvious and not reasonably in dispute, and apparent on the face of the record without requiring the court to choose among competing inferences."

---

[1] Our holding is consistent with our prior decisions concluding, in an unpreserved posture, that a citation's incorporation of reasons by reference to an attached investigation report does not amount to plain error. *State v. D. S.*, 337 Or App 192, 194, 563 P3d 401 (2025); *State v. S. A.*, 337 Or App 1, 3, 562 P3d 1128 (2024); *State v. E. K. C.*, 337 Or App 362, 363, 562 P3d 1139 (2025).

*State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If we conclude that an error is "plain," we must "determine whether to exercise [our] discretion to review the error." *Id.* at 630.

In her first argument, appellant contends that the trial court plainly erred in holding the hearing despite the fact that, according to appellant, the investigative report was not actually attached to the citation. Appellant bases her argument on the fact that the report was not contained in the trial court file. However, as the state points out, the certificate of service states that the report was included with the citation and the state confirmed to the trial court that appellant was served with the report. Because the record supports competing inferences, any error is not plain. *Id.*

In her second argument, appellant contends that the trial court plainly erred in holding the hearing despite the fact that she received the citation nearly three hours late. *See* ORS 426.074(3) (requiring that the investigative report must be provided "in no event later than 24 hours prior to the hearing"). Assuming that it was plain error to proceed with the hearing in light of the fact that the report was filed approximately 21 hours before the hearing, we decline to exercise our discretion to correct the error. Appellant expressed no concern with the timing of the delivery of the report at the start of the hearing. Had she objected, any harm from the delay could have been remedied by postponing the hearing for three hours. *See State v. Wiltse*, 373 Or 1, 25, 559 P3d 380 (2024) (declining to exercise discretion because, among other reasons, "had [the] defendant objected[,] *** the error could have been readily avoided or corrected").

Finally, appellant argues that the evidence was insufficient to demonstrate that her mental illness renders her unable to provide for her basic personal needs in a way that leaves her at a nonspeculative risk of "serious physical harm" for purposes of ORS 426.005(1)(f)(B). To meet that standard, "the state must prove two things: (1) that the individual's inability to provide for their basic personal needs puts them at a nonspeculative risk of serious physical harm and (2) that the serious physical harm is likely to occur in

the near future." *State v. P. D.*, 333 Or App 738, 742, 553 P3d 1063 (2024) (internal quotation marks omitted).

The evidence in the record was sufficient for the trial court to make that determination. That evidence included testimony that, because of appellant's schizophrenia, she suffered from command hallucinations that prevented her from engaging in any personal hygiene or consuming any food or drink that was not sealed. The evidence also indicated that appellant would be homeless and had no rational plan for how to obtain shelter, let alone a supply of food and water in sealed containers. Her treating physician testified that she would be at risk of dehydration and malnutrition in the near future, and, indeed, had a history of self-neglect and malnutrition that had previously resulted in a lengthy hospitalization for failure to thrive. That evidence was sufficient to permit the trial court to conclude that appellant was at risk of serious physical harm in the near future. *See, e.g.*, *State v. M. A. E.*, 299 Or App 231, 242, 448 P3d 656 (2019) (explaining that "as a matter of common knowledge," "a person who literally does not eat will soon be at risk of suffering serious physical harm").

Affirmed.