312 September 4, 2025 No. 800

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. R.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. R.,
*Appellant.*

Klamath County Circuit Court
24CC06827; A186238

Marci Warner Adkisson, Judge.

Argued and submitted August 8, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

### PER CURIAM

Appellant appeals from a judgment committing him to the Oregon Health Authority for up to 180 days. *See* ORS 426.130(1)(a)(C) (authorizing commitment of a person with mental illness).[1] He raises a single unpreserved assignment of error challenging the adequacy of the citation he received in advance of the hearing. We affirm.

Appellant first argues that the citation did not comply with ORS 426.090 because it did not contain a statement of the reasons he was alleged to be mentally ill within the text of the document itself; rather, those reasons were provided in an attached probable cause statement. *See* ORS 426.090 (requiring the citation to state "the specific reasons the person is believed to" be a person with mental illness). That argument is foreclosed by *State v. V. L.*, 341 Or App 774, 778, ___ P3d ___ (2025) ("[T]he purpose of the requirement is to provide a mentally ill person notice of the reasons that they are alleged to be mentally ill, and that purpose is met through incorporating by reference an attachment containing those reasons.").

Appellant also argues that there were multiple other problems with the notice, including that he did not receive the investigative report at least 24 hours before the hearing. *See* ORS 426.074(3) (requiring the investigation report to be provided "in no event later than 24 hours prior to the hearing"). None of the errors that appellant identifies are obvious on the face of the record and therefore do not amount to plain error. *V. L.*, 341 Or App at 778-79 (citing *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013)).

Affirmed.

---

[1] ORS 426.130(1)(a)(C), along with the bulk of the civil commitment statutes, was amended after appellant's civil commitment hearing; however, because those amendments do not affect our analysis, we refer to the current versions of the civil commitment statutes in this opinion.