No. 825 September 24, 2025 527

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. V. J.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. V. J.,
*Appellant.*

Deschutes County Circuit Court
24CC03925; A185019

Alison M. Emerson, Judge.

Argued and submitted August 8, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

## TOOKEY, P. J.

Appellant appeals a judgment committing him to the Oregon Health Authority for up to 180 days. *See* ORS 426.130(1)(a)(C) (authorizing commitment of a person "with mental illness"). He raises three assignments of error. We affirm.

In his first assignment of error, appellant contends that the trial court erred "by proceeding over the appellant's objection to a civil commitment hearing and committing the appellant despite the appellant not having been properly served with a statutorily compliant citation." In support of his first assignment, appellant raises two preserved arguments: that (1) "the [citation] lacked the specific reasons the appellant was believed to be a person with mental illness" and (2) "a judge did not issue the citation." *See* ORS 426.090 ("The judge shall issue a citation to the person alleged to have a mental illness stating the nature of the information filed concerning the person and the specific reasons the person is believed to be a person with mental illness.").

As to the former argument—the purported lack of "specific reasons"—we understand appellant to contend, as a matter of law, that the service of the investigation report as an attachment to the citation cannot function to meet the requirements of ORS 426.090. We rejected that argument in *State v. V. L.*, 341 Or App 774, 778, ___ P3d ___ (2025) (concluding that "ORS 426.090 allows for a citation that incorporated by reference an attached investigation report"). As to the latter argument—whether a judge "issued" the citation as required by ORS 426.090—in this case, after the investigation contemplated by ORS 426.070(5), the trial court determined that there is "probable cause to believe [appellant] is mentally ill" and entered an order directing issuance of a citation (as well as appointment of an attorney, appointment of an examiner, and transport for appellant). Although appellant is correct that the court clerk rather than a judge signed the citation itself, where the trial court makes the determinations required for issuance of the citation, and orders that the citation issue, we do not understand ORS 426.090 to require the judge, rather than a court clerk, sign the citation itself. *See Webster's Third New Int'l*

*Dictionary* 1201 (unabridged ed 2002) (defining the transitive verb "issue" to mean, among other definitions, to "cause to appear or become available by officially putting forth or distributing or granting or proclaiming or promulgating **:** cause to appear through issuance"); *compare* ORS 426.090 ("The judge shall issue a citation to the person alleged to have a mental illness \* \* \*."), *with* ORS 133.140(5) (requiring warrants of arrest "[b]e in the name of the State of Oregon or the city where issued, [and] *be signed by and bear the title of the office of the magistrate* having authority to issue a warrant for the crime charged" (emphasis added)).

Appellant also raises two unpreserved arguments in connection with his first assignment of error: First, regarding service, he argues that "[i]t is unclear if [the person that served the documents was] a sheriff or sheriff's deputy and whether the proof of service requirements \* \* \* were followed." Second, regarding the investigation report, he argues "whether or not the documents were actually or properly served, there is no evidence the appellant received the investigation report."

Given the record in this case, and having considered those two unpreserved arguments, we cannot say the trial court plainly erred. "We cannot find plain error based on speculation in the face of a silent record," *State v. C. T.*, 333 Or App 718, 722, 553 P3d 1070 (2024), nor can we when the record "supports competing inferences," *V. L.*, 341 Or App at 779. Here, the record includes a return of service from the Deschutes County Sherriff's Office; the citation that was served on appellant states that it had attached a "copy of the investigation report," which set forth "the specific reasons [appellant is] believed to be mentally ill"; and the trial court stated, without correction from appellant's counsel, that appellant was informed as to the "specific reasons" he was "believed to be mentally ill" because the citation issued "specifically incorporat[ed] the pre-commitment investigation as an exhibit." Thus, we reject appellant's first assignment of error.

In his second assignment of error, appellant argues that the trial court plainly erred when it "proceeded with a civil commitment hearing when there was no evidence that

the appellant was provided with the investigation report more than 24 hours prior to the hearing." *See* ORS 426.074(3) ("A copy of the investigation report shall be provided as soon as possible, but in no event later than 24 hours prior the hearing, to the person and to the person's counsel."). But, as noted, the citation with which appellant was served (over 24 hours prior to the hearing) stated that the investigation report was attached. The purported error asserted in appellant's second assignment of error is not plain, and we reject that assignment. *C. T.*, 333 Or at 722 (plain error cannot be based on "speculation"); *V. L.*, 341 Or App at 779 (no plain error where record supports "competing inferences").

In his third assignment of error, appellant contends that the trial court erred "by proceeding to hearing over the appellant's objection and motion to dismiss when the evidence showed that the examiner and the appellant did not have the appellant's medical record until the day of the hearing rather than at least 24 hours prior to the hearing as required by statute." *See* ORS 426.075(2) ("The records established by the Oregon Health Authority by rule and the investigation report shall be made available to the examiners at least 24 hours before the hearing in order that the examiners may review the medical record and have an opportunity to inquire of the medical personnel concerning the treatment of the person alleged to have a mental illness during the detention period prior to the hearing."); ORS 426.075(3) ("The medical record described in subsection (2) of this section shall be made available to counsel for the person alleged to have a mental illness at least 24 hours prior to the hearing."). That argument is preserved, but unavailing on the merits.

Here, after appellant brought the late receipt of his medical records to the trial court's attention, the trial court offered to delay the hearing and give appellant "as much time as you want before we get started" or even "reset" the hearing from Friday to Monday. Appellant's counsel declined, stating "[i]t is my client's intention that he wants to proceed, regardless of if his statutory rights have been violated."

Thus, we conclude that, to the extent the trial court erred when it did not delay the hearing because of appellant's

late receipt of his medical records, any error was invited error. That is, the trial court offered appellant the opportunity to delay the hearing to ensure that appellant had the medical records at least 24 hours prior to the hearing as required by ORS 426.075(3), but appellant declined that offer and stated his intention to proceed. *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den,* 346 Or 590 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it. The doctrine is generally applicable when a party has invited the trial court to rule in a particular way under circumstances that suggest that the party will be bound by the ruling or will not later seek a reversal on the basis of that ruling." (Citation and internal quotation marks omitted.)).

Affirmed.