42 April 29, 2026 No. 336

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. T. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. T. B.,
*Appellant.*

Coos County Circuit Court
24CC07456; A186491

Brett A. Pruess, Judge.

Argued and submitted March 4, 2026.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Egan, Presiding Judge, Pagán, Judge, and Kistler, Senior Judge.

EGAN, P. J.

Reversed.

**EGAN, P. J.**

In this civil commitment proceeding, appellant appeals from a limited judgment ordering him to participate in assisted outpatient treatment (AOT). After conducting a civil commitment hearing, the trial court determined that appellant was not a "person with mental illness" as defined by ORS 426.005(1)(f) (2023), *amended by* Or Laws 2025, ch 559, § 4.[1] Nevertheless, the court found that appellant was a person with a mental disorder who met the criteria for AOT under ORS 426.133(2). On that ground, the court ordered appellant to participate in assisted outpatient treatment and directed that he remain confined for up to five additional days while a treatment plan was developed.

Appellant raises three assignments of error. First, he contends that the trial court erred by continuing the proceedings to dates more than seven days after the civil commitment hearing, contrary to the statutory time limits governing assisted outpatient treatment proceedings. Second, he argues that the court plainly erred by ordering him to remain confined for five additional days after the court had determined that he was not a person with mental illness. Third, he contends that the court erred by conducting a subsequent hearing at which he appeared without counsel even though counsel had been appointed. The state contends that the appeal is moot.

As explained below, we conclude that the appeal is not moot. On the merits, we conclude that the court plainly erred in ordering appellant confined for five days after determining that he was not "a person with a mental illness" under ORS 426.005(1)(f). Because that conclusion requires reversal of the judgment, we do not reach appellant's other arguments. We reverse.

## MOOTNESS

After appellant filed his notice of appeal, the trial court entered a general judgment dismissing the case based on appellant's alleged failure to comply with the conditions

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

of assisted outpatient treatment. The state argues that the subsequent dismissal renders this appeal moot because the limited judgment ordering assisted outpatient treatment is no longer operative.

Oregon courts do not generally decide moot cases. *See Couey v. Atkins*, 357 Or 460, 510-15, 355 P3d 866 (2015). A case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties. *Dept. of Human Services v. T. J. N.*, 371 Or 650, 656, 540 P3d 540 (2023) (quoting *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018)). However, even when a challenged order has expired, a case is not moot if the order continues to have collateral consequences sufficient to produce a practical effect on the parties' rights. *K. J. B.*, 362 Or at 785.

The party moving to dismiss on mootness grounds bears the burden to establish that the case is moot. *Id.* That burden includes demonstrating that any identified collateral consequences either do not exist or are legally insufficient. *Id.* at 786. Although the responding party must identify collateral consequences that would preserve a practical effect, once those consequences are identified, the burden shifts to the moving party to show that they do not defeat mootness. *Id.*

Here, appellant identifies collateral consequences arising from the limited judgment, including the legal and practical effects of the court's findings that he has a mental disorder and is subject to compelled treatment, as well as the potential for adverse consequences affecting his legal rights, including the possession of firearms. The state, for its part, asserts that those consequences either do not exist or are insufficient but offers no developed argument or authority demonstrating that they are legally inadequate.

On this record, the state has not met its burden to establish that the identified collateral consequences do not exist or are legally insufficient. The limited judgment reflects judicial findings regarding appellant's mental condition and imposes a regime of compelled treatment. Those determinations carry legal and practical consequences that do not necessarily terminate upon dismissal of the case. At

a minimum, the state has not demonstrated that those consequences have no continuing practical effect on appellant's rights.

Accordingly, we conclude that the appeal is not moot and proceed to the merits.

## BACKGROUND

Whether the trial court complied with ORS 426.130 presents a question of law that we review for legal error. *See State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). We begin with the relevant facts, which are procedural and largely undisputed.

On December 11, 2024, the Coos County Circuit Court received and entered a two-party notice of mental illness signed by appellant's mother and grandmother. On the same day, the court received a report from a mental health investigator concluding that appellant was dangerous to himself and others. Based on those materials, the court issued an order for citation and scheduled a civil commitment hearing for December 18, 2024, appointing the public defender to represent appellant. Appellant was taken into custody and detained at Bay Area Hospital pending the hearing.

The civil commitment hearing occurred on December 18, 2024. Several witnesses testified, and the court received documentary evidence, including the investigator's report. At the conclusion of the hearing, the trial court determined that the evidence did not establish that appellant was a person with mental illness as defined by ORS 426.005(1)(f). Despite that finding, the court concluded that appellant met the statutory criteria for assisted outpatient treatment and entered a limited judgment ordering him to participate in such treatment until December 17, 2025. *See* ORS 426.133(2).

In announcing its ruling, the court stated that appellant would "be confined for up to five more days" so that the community mental health program could develop a treatment plan. The court also directed appellant to appear for periodic status hearings to monitor compliance with the treatment conditions.

On January 8, 2025, appellant appeared before the court without counsel present. The court discussed the proposed treatment plan with appellant and asked him to sign information releases and documents describing special conditions of assisted outpatient treatment. The court then approved those conditions. Appellant filed a notice of appeal from the limited judgment on January 14, 2025.

## DISCUSSION

We begin with appellant's second assignment of error, challenging the trial court's decision to order that appellant remain confined for up to five additional days after the court determined that he was not a person with mental illness. This was disallowed, appellant argues, under ORS 426.130.

Because appellant did not raise the issue in the trial court, we review for plain error. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013); *State v. E. K. C.*, 337 Or App 362, 366, 562 P3d 1139 (2025). Under that standard, we may correct an unpreserved error if it is an error of law, obvious and not reasonably in dispute, and apparent on the record. *Vanornum*, 354 Or at 629.

The state concedes that the trial court plainly erred. Though we are not bound by concessions of error, appellate courts in Oregon routinely accept concessions of plain legal error when the error is apparent on the face of the record and the legal issue is not meaningfully contested. *See State v. Jones*, 129 Or App 413, 415-16, 879 P2d 881 (1994) (accepting concession when "the error [was] apparent on the face of the record"); *see also State v. Bierstock*, 195 Or App 514, 517-18, 98 P3d 771 (2004) (accepting concession "given the plain language of the statute"); *accord State v. R. L. W.*, 267 Or App 725, 728-30, 341 P3d 845 (2014) (declining to accept the state's concession based on alleged insufficiency of evidence to support civil commitment when deciding that the evidence in the record did support the trial court's decision).

The statutory framework governing civil commitment proceedings is set out in ORS chapter 426. After hearing the evidence and reviewing the examiners' findings, the trial court must determine whether "the person has a mental

illness and is in need of treatment." ORS 426.130(1). If the court determines that the person does not meet that standard, the statute directs that "the court shall release the person from custody" if the person has been detained. ORS 426.130(2)(b). After releasing the person, the court must either dismiss the case or order the person to participate in assisted outpatient treatment in accordance with ORS 426.133. ORS 426.130(2)(b)(A), (B). When choosing the latter option, the statute further provides that the court may continue the proceedings for no more than seven days to allow the development of a treatment plan. ORS 426.130(2)(b)(B).

In this case, the trial court ordered appellant to remain confined for up to five additional days after concluding that he was not a person with mental illness within the meaning of ORS 426.005(1)(f). That order is unambiguously inconsistent with the statute's mandatory directive that the court "shall release the person from custody" upon making that determination. ORS 426.130(2)(b) (when the court determines that a person "is not a person with a mental illness who is in need of treatment, the court *shall release* the person from custody" (emphasis added)). Once the court determined that appellant was not a person with mental illness, it lacked statutory authority to continue his detention.

Accordingly, we accept the state's concession that the trial court plainly erred in ordering appellant's continued confinement after making the required statutory finding, and we exercise our discretion to correct that error. The error resulted in a significant deprivation of liberty and contravened the express terms of the governing statute.

Appellant's first and third assignments of error challenge, respectively, the continuation of proceedings beyond the statutory timeline and the conduct of a hearing without counsel. Although those issues raise important concerns, we decline to address them because our disposition of the second assignment of error will result in reversal of the challenged judgment.

Reversed.